# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George P. Schiavelli and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV08- 137 GPS (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division** | **[ ] Southern Division** | **[ ] Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

COPY

1  JOAN B. TUCKER FIFE (SBN:144572)
       email: jfife@winston.com
2  WINSTON & STRAWN LLP
   101 California Street, Suite 3900
3  San Francisco, CA 94111
   Telephone: 415-591-1000
4  Facsimile: 415-591-1400

5  JESSIE A. KOHLER (SBN: 179363)
       email: jkohler@winston.com
6  HWANNIE L. SHEN (SBN: 222342)
       email: hshen@winston.com
7  WINSTON & STRAWN LLP
   333 South Grand Avenue
8  Los Angeles, CA 90071-1543
   Telephone: 213-615-1700
9  Facsimile: 213-615-1750

10 Attorneys for Defendant
   U.S. BANK NATIONAL ASSOCIATION

11            UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13

14 JASON J. SPAINHOWER, an          )  Case No.
15 individual, on behalf of all others )  CV08-00137 GPS PJWx
   similarly situated,               )  NOTICE OF REMOVAL OF CIVIL
16                                    )  ACTION
              Plaintiff,             )
17                                   )  (28 U.S.C.§ 1332, 28 U.S.C. § 1441, and
       vs.                          )  28 U.S.C. § 1446)
18                                   )
   U.S. BANK National Association, a )
19 Delaware Corporation; and DOES 1  )
   through 50 inclusive,             )
20                                   )
              Defendants.            )
21                                   )
22                                   )

23

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, Defendant U.S. Bank National Association ("Defendant") hereby removes the above-captioned matter from the Superior Court of California, Los Angeles County, to this Court. In support of its request, Defendant states as follows:

## I.   **INTRODUCTION**

1.   This case is hereby removed from state court to federal court because at the time the Complaint was filed and at this time, complete diversity of citizenship exists between the parties to this action and, therefore, this Court has original jurisdiction under 28 U.S.C. § 1332(a)(2). The alleged amount in controversy exceeds $75,000.

## II.   **THE STATE COURT ACTION**

2.   On September 13, 2007, Plaintiff Jason J. Spainhower ("Plaintiff") filed a Complaint in the Superior Court of the State of California in and for the City and County of Los Angeles, entitled <u>Jason J. Spainhower v. U.S. Bank National Association</u>, Case Number BC377402 ("Complaint"). The Complaint alleges four causes of action against Defendant, the former employer of Plaintiff. These include (a) failure to pay overtime compensation in violation of California Labor Code § 1194; (b) failure to provide rest breaks and meal breaks in violation of California Labor Code § 226.7; (c) claim for statutory waiting time penalties for failure to pay wages pursuant to California Labor Code § 203; and (d) unlawful business practices in violation of California Business & Professions Code § 17200, <u>et seq.</u> A true and correct copy of the Summons is attached hereto as Exhibit "A," and a true and correct copy of the Complaint is attached hereto as Exhibit "B."

3.   Plaintiff served the Summons and Complaint on Defendant via certified mail on September 20, 2007. Pursuant to California Code of Civil Procedure § 415.40, "[a] summons may be served on a person outside this state . . . by sending a

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt." Cal. Civ. Proc. Code § 415.40. Based on the mailing date of September 20, 2007, service upon Defendant was deemed complete on September 30, 2007. Cal. Civ. Proc. Code § 415.40 ("Service of a summons by this form of mail is deemed complete on the 10th day after such mailing.").

4.    On October 30, 2007, Defendant filed and served its Answer to the Complaint in state court. A true and correct copy of Defendant's Answer is attached hereto as Exhibit "C."

## III.   **JOINDER**

5.    Defendant is not aware of any other defendant having been served with a copy of Plaintiff's Complaint.

## IV.   **DIVERSITY JURISDICTION**

6.    The state court action is a civil action of which this Court has original jurisdiction under 29 U.S.C. § 1332 based on diversity jurisdiction. The state court action is properly removable to this Court in that it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as explained below.

### The Parties' Citizenship

7.    There is complete diversity of citizenship because the operative parties, Plaintiff and Defendant, are citizens of different states.

8.    Defendant is informed and believe, and on that basis allege, that as of September 13, 2007, when the Complaint was filed, and presently, Plaintiff was and is a citizen and resident of the County of Los Angeles in the State of California.

9.    As of September 13, 2007, when the Complaint was filed, and presently, Defendant was a Delaware corporation with its principal place of business, as set forth in its articles of association, in Cincinnati, Ohio. Accordingly, Defendant was and is a citizen of Ohio. See 28 U.S.C. § 1348 ("All national banking associations shall, for

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."); <u>Wachovia Bank v. Schmidt</u>, 546 U.S. 303, 307 (2006) (holding that a national bank, for purposes of 28 U.S.C. § 1348, "is a citizen of the state in which its main office, as set forth in its articles of association, is located.").

### The Amount in Controversy

10.   The amount in controversy between the parties exceeds the minimum sum of $75,000 set forth in 28 U.S.C. § 1332(a), exclusive of interest and costs.

11.   On November 19, 2007, Defendant served its Special Interrogatories (Set One) on Plaintiff.  In its Special Interrogatories, Defendant asked Plaintiff to state the amount of damages he claims he is owed by Defendant for unpaid overtime.  A true and correct copy of Defendant's Special Interrogatories (Set One) is attached hereto as Exhibit "D."

12.   In response to the Special Interrogatories (Set One), Plaintiff responded that his "best estimate of the damages due to him for overtime is approximately $78,000."  A true and correct copy of Plaintiff's response to Defendant's Special Interrogatories (Set One) is attached hereto as Exhibit "E."  Accordingly, Plaintiff claims that his damages just for his cause of action for unpaid overtime are approximately $78,000.

13.   In addition to his overtime claim damages, Plaintiff requests damages for the alleged failure to provide rest breaks and meal breaks in violation of California Labor Code § 226.7, statutory waiting time penalties for the alleged failure to pay wages pursuant to California Labor Code § 203, and restitution for alleged unlawful business practices in violation of California Business & Professions Code § 17200, <u>et seq.</u>  Plaintiff also seeks to recover attorneys' fees under the California Labor Code.  (Complaint ¶¶ 24, 30, 35, Prayer).  Attorneys' fees are properly considered when determining the amount in controversy for the purpose of removal.  <u>See</u> <u>Galt G/S v. JSS Scandinavia</u>, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

V.   **COMPLIANCE WITH STATUTORY REQUIREMENTS**

14.   In accordance with 28 U.S.C. § 1446(a), attached as Exhibit "F" are copies of all process, pleadings, and orders which have been received by Defendant in this action.

15.   In accordance with 28 U.S.C. § 1446(b), this Notice is timely filed with this Court. Pursuant to 28 U.S.C. § 1446(b), "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of . . . other paper <u>from which it may first be ascertained that the case is one which is or has become removable.</u> . . ." 28 U.S.C. § 1446(b)(emphasis added). Defendant received Plaintiff's responses to its Special Interrogatories (Set One) on January 4, 2008. Prior to that date, Defendant had no information from which it could be ascertained that the amount in controversy was $75,000 or more. Accordingly, this Notice is timely.

16.   As required in 28 U.S.C. § 1446(d), Defendant will provide written notice of the filing of this Notice of Removal to William E. Harris, Esq. and Matthew A. Kaufman, Esq., counsel of record for Plaintiff, and will promptly file a copy of this Notice of Removal with the Clerk for the Superior Court of the State of California in and for the County of Los Angeles.

WHEREFORE, Defendant respectfully request that these proceedings, entitled <u>Jason J. Spainhower v. U.S. Bank National Association</u>, Case Number BC377402, now pending in the Superior Court of the State of California for the County of Los Angeles, be removed to this Court.

Dated:  January 9, 2008

WINSTON & STRAWN LLP

By: _____
        Hwannie L. Shen
        Attorneys for Defendant
        U.S. BANK NATIONAL
        ASSOCIATION

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Exhibit A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
U.S. BANK National Association, a Delaware Corporation; and DOES 1
through 50 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JASON J. SPAINHOWER, an individual, on behalf of all others
similarly situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

# FILED
LOS ANGELES SUPERIOR COURT

SEP 1 3 2007

John A. Clarke, Executive Officer/Clerk
By _____ M. GARCIA Deputy

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles County Superior Court, Central District
111 North Hill St.
Los Angeles, CA 90005

CASE NUMBER:
*(Número del Caso):*
**B C 3 7 7 4 0 2**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William E. Harris, Matthew A. Kaufman, HARRIS & KAUFMAN (818) 990-1999
15260 Ventura Blvd., Suite 2250, Sherman Oaks, CA 91403

DATE: SEP 1 3 2007       JOHN A. CLARKE, CLERK    M. GARCIA    , Deputy
*(Fecha)*                              Clerk, by                            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [x] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

[ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

6

Exhibit B

**FILED**
LOS ANGELES SUPERIOR COURT

SEP 13 2007

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
M. GARCIA

Case assigned to D324
Judge Victoria Chaney

1  WILLIAM E. HARRIS (SB 76706)
2  MATTHEW A. KAUFMAN (166986)
   HARRIS & KAUFMAN
3  15260 VENTURA BLVD. SUITE 2250
   SHERMAN OAKS, CALIFORNIA 91403
4  TELEPHONE: (818) 990-1999
   FACSIMILE: (818) 990-1966
5  E-MAIL:  wharris@harriskaufman.com

6  Attorneys for Plaintiff Jason J. Spainhower, and all individuals similarly situated

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9         FOR THE COUNTY OF LOS ANGELES-UNLIMITED JURISDICTION

10                                            B C 377402

11  JASON J. SPAINHOWER, an individual, on )   Case No.:
12  behalf of all others similarly situated,     )
                                              )
13                                            )    **CLASS ACTION**
                                              )
14              Plaintiff,                    )    **COMPLAINT FOR DAMAGES AND**
15                                            )    **DEMAND FOR JURY TRIAL**
                                              )
16                                            )  1.  **FAILURE TO PAY OVERTIME**
17                                            )      **COMPENSATION IN VIOLATION OF**
            vs.                               )      **CALIFORNIA LABOR CODE § 1194;**
18                                            )  2.  **FAILURE TO PROVIDE REST BREAKS**
                                              )      **AND MEAL BREAKS IN VIOLATION OF**
19                                            )      **LABOR CODE § 226.7;**
                                              )  3.  **CLAIM FOR STATUTORY WAITING**
20  U.S. BANK National Association, a Delaware )     **TIME PENALTIES FOR FAILURE TO**
21  Corporation; and DOES 1 through 50        )      **PAY WAGES PURSUANT TO**
    inclusive,                                )      **CALIFORNIA LABOR CODE § 203; and**
22                                            )  4.  **UNLAWFUL BUSINESS PRACTICES IN**
                                              )      **VIOLATION OF CALIFORNIA**
23              Defendants.                   )      **BUSINESS & PROFESSIONS CODE §§**
                                              )      **17200, ET SEQ..**
24

25       Plaintiff JASON J. SPAINHOWER ("Plaintiff"), individually and on behalf of all other

26  similarly situated individuals, alleges as follows against the above-named defendants:

27

28  ///

                                    1

# I.
## THE PARTIES AND VENUE

1.     **The Named Plaintiff.** The Plaintiff is an individual over the age of 18 years. Plaintiff was employed by the above-named defendants from on or about March, 2004 to on or about June, 2007. Plaintiff was initially employed by defendants U.S. Bank National Association and Does 1 through 50 as an In-store Banker and was later promoted in or about October, 2004 to In-store Branch Manager 2.

2.     **Defendants.**

    (a)     Plaintiff is informed and believes and thereon alleges, that defendant U.S. Bank, N.A. was, and is, a corporation organized under the laws of the State of Delaware.

    (b)     Hereinafter in the Complaint, unless otherwise specified, reference to Defendant or Defendants shall refer to all defendants, including Does 1 through 50 and each of them.

    (c)     Plaintiff is unaware of the true names and capacities of Defendants sued herein as Does 1 through 50, inclusive, and for that reason sues said Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants are responsible in some manner for, and proximately caused, the harm and damages alleged herein below. Plaintiff will file and serve an amendment to this Complaint alleging the true names and capacities of said fictitiously named Defendants if and when such true names and capacities become known to Plaintiff.

    (d)     Plaintiff is informed and believes and thereon alleges, that each of the Defendants named herein acted as the employee, agent, partner, alter-ego and/or joint venturer of each of the other Defendants named herein, and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of said Defendants acted within the scope of said relationship and with the permission, consent and ratification of each of the other Defendants named herein.

    (e)     At all times mentioned herein, one of the businesses of Defendants was the operation of retail commercial banks under the trade name "U.S. BANK" open to the general

COMPLAINT

1   public in grocery stores such as VONS, PAVILIONS, RALPHS and ALBERSTONS. Plaintiff is

2   informed and believes and thereon alleges that there are approximately 125 in-store U.S. Bank

3   branches in California.

4          3.      **Venue.** In-store U.S. BANK branches are and were at all times herein mentioned,

5   open to the general public in numerous counties of the State of California, including the County

6   of Los Angeles. Plaintiff believes, and thereon alleges that defendants have not declared a

7   principal place of business in California, and therefore they may be sued in any county in the

8

9   state. (See, e.g., *Easton v. Sup. Ct* (1970) 12 C.A. 3d 243, 246-247.

10                                  II.
11                      **CLASS ACTION ALLEGATIONS**

12         4.      Plaintiff brings this action, pursuant to California Code of Civil Procedure § 382,

13  against all Defendants on her behalf and all persons similarly situated in the State of California.

14  The class that Plaintiff represents is comprised of:

15         (a) all persons who were employed in California by Defendants as an In-Store Branch
16
17  Manager (1, 2, or 3) during the relevant statutory period, who were paid on a salary basis and

18  worked in excess of eight (8) hours per day and/or in excess of forty (40) hours in one or more

19  workweeks; and

20         5.      All members of the putative classes described above have had their rights under
21
22  the California Labor Code, and California Business & Professions Code violated by Defendants'

23  employment practices as hereinafter described.

24         6.      **Ascertainable Classes.** The proposed plaintiff class described at Paragraph 4,

25  above, is ascertainable. Members of the plaintiff class can be readily identified from personnel
26
27  files and computer databases maintained by Defendants and from payroll and other records

28  maintained by the Defendants. The litigation of the questions of fact and law involved in this

    action will resolve the rights of all members of the class and hence will have a binding effect on

                                        3

                                    COMPLAINT

9

1  all class members. The class is numerous and joinder of all class members is impracticable due

2  to both a reluctance of class members to sue their current or former employer and a relatively

3  small monetary recovery for each class member in comparison to the costs associated with

4
5  separate litigation.

6      7.    **Community of Interest.** The proposed class has a well-defined community of

7  interest in the questions of fact and law to be litigated. The common questions of law and fact

8  are predominant with respect to the liability issues, relief issues and anticipated affirmative

9  defenses. The named plaintiff has claims typical of members of the class. The named plaintiff

10
11  can fairly and adequately represent and protect the interests of the class in that there is no

12  conflict between her interests and the interests of other class members. This action is not

13  collusive; the named plaintiff and his counsel have the resources to litigate this action, and

14  counsel have experience and ability required to prosecute this case as a class action.

15
16      8.    **Superiority of Class Adjudication.** The certification of a class in this action is

17  superior to the litigation of a multitude of cases by members of the putative class. Class

18  adjudication will conserve judicial resources and will avoid the possibility of inconsistent

19  rulings. Moreover, there are class members who are unlikely to join or bring an action due to,

20  among other reasons, their reluctance to sue their current employer and/or their inability to afford

21  a separate action. Finally, equity dictates that all persons who stand to benefit from the relief

22
23  sought herein should be subject to the lawsuit and hence subject to an order covering the costs of

24  litigation among the class members in relationship to the benefits received.

25
26
27
28

4

COMPLAINT

### III.
### DEFENDANTS' UNLAWFUL POLICIES AND PRACTICES

#### A. FAILURE TO PAY OVERTIME

9.      Throughout the statutory periods alleged herein, Industrial Welfare Commission, Wage Order No. 4-2001, "Professional, Technical, Clerical, Mechanical and Similar Occupations," as amended, contained in Title 8 of the California Code of Regulations (hereinafter "Wage Order"), applied to Plaintiff and to each class member in his or her employment with Defendants.

10.      Throughout the statutory periods alleged herein, neither Plaintiff nor any other person employed by Defendants in the State of California in the position of In-store Branch Manager was exempt from the overtime provisions of California law. Defendants, however, followed a policy and practice of classifying and treating their In-store Branch Managers employed in California, including Plaintiff and the other class members similarly situated, as "exempt" employees as that term is defined in the Wage Order, despite the fact that Defendants failed to employ Plaintiff and the class members primarily in an administrative, executive or professional capacity as those terms are defined by the Wage Order.

11.      Throughout the statutory periods alleged herein, Defendants required their In-store Branch Managers employed in California, as a condition of maintaining their employment with Defendants, to regularly work numerous overtime hours in excess of eight (8) hours per day and/or forty (40) hours per week. Although Defendants should have compensated said In-store Branch Managers at the rate of one and one-half (1½) times their regular hourly wage for all hours worked in excess of eight (8) hours per workday or forty (40) hours per workweek and double their regular hourly wage for all hours worked in excess of twelve (12) hours per workday or in excess of eight (8) hours on the seventh workday of the week during the alleged

5

statutory periods, they were instead compensated by a straight annual salary, regardless of the number of hours worked.

## B. FAILURE TO PROVIDE MANDATED MEAL AND REST PERIODS

12.    Labor Code section 226.7 (a) provides:

> "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

13.    During the applicable statutory period, the Wage Order required every employer to authorize and permit all employees to take rest breaks, which insofar as practicable must be in the middle of each work period. The authorized rest period time is based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

14.    During the applicable statutory period, the Wage Order further provided that employees are entitled to an unpaid 30-minute, duty-free meal period after working for five (5) hours.

15.    Beginning on and after January 1, 2001, failure by an employer to provide an employee a rest period or meal period will require the employer to pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the rest period or meal period was not provided (California Labor Code section 226.7(b); Industrial Welfare Commission Wage Order 4-2001).

16.    The one-hour remedy of pay for each workday that a rest period or meal period was not provided is considered a "premium wage" pursuant to the California Supreme Court in Murphy v. Kenneth Cole Productions, Inc. (2007) 40 Cal.4th 1094.

/ / /

6

COMPLAINT

12

17.     Throughout the statutory periods alleged herein, Defendants did not authorize or permit, and failed to provide their In-store Branch Managers employed in California including Plaintiff, and other class members similarly situated, rest periods or meal periods as required by California law including the Wage Order.

18.     Throughout the statutory periods alleged herein, Defendants required their In-store Branch Managers employed in California including Plaintiff, and other class members similarly situated, as a condition of maintaining their employment with Defendants, to regularly work through their rest periods and meal periods.

## IV.
### FIRST CAUSE OF ACTION
**(Class Action Against All Defendants by Plaintiff, on Behalf of All Other In-store Branch Managers Similarly Situated, For Failure to Provide Rest Breaks and Meal Breaks)**

19.     Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 18, as if set forth in full herein.

20.     Defendants possess or should possess the exact information regarding the number of hours worked by Plaintiffs and each class member for the relevant statutory period.

21.     Plaintiff brings this action, pursuant to California Code of Civil Procedure section 382, against Defendants on behalf of himself and all persons similarly situated in California.

22.     The class which Plaintiff represents is comprised of all In-store Branch Managers, presently and formally, employed in California by Defendants at their in-store U.S. BANK branches during the relevant statutory period, who were denied the mandatory rest or meal breaks.

23.     As a direct and proximate result of Defendants' violation of the rest and meal period provisions of the California Labor Code section 226.7 and the Wage Order, there is due

7

COMPLAINT

13

1   and owing to Plaintiff and to each class member wages in a combined amount of at least

2   $25,000. An exact amount will be proven at the time of trial.

3

4   24.   California Labor Code section 218.5 provides for the recovery of attorney's fees,

5   interest and costs in a civil action to recover wages by an employee. Plaintiff, on his behalf, as

6   well as those similarly situated, seeks reasonable attorney's fees and interest on all sums due and

7   outstanding, plus interest and costs of suit.

8                                        V.
                          **SECOND CAUSE OF ACTION**
9   **(Class Action Against All Defendants by Plaintiff, on Behalf of All Other In-store Branch**
10           **Managers Similarly Situated, For Failure to Pay Overtime Wages)**

11

12   25.   Plaintiff incorporates by reference each and every allegation set forth in

13   paragraphs 1 through 18, as if set forth in full herein.

14   26.   At all relevant times herein, California Labor Code section 1194 and the Wage

15   Order applied to Plaintiff and to each class member in his or her employment, and provided for

16

17   payment of an overtime premium of not less than one and one-half (1½) times the employee's

18   regular rate of pay for all hours worked in excess of eight (8) hours per workday or forty (40)

19   hours per workweek, and two (2) times the employee's regular rate of pay for all hours worked

20   in excess of twelve (12) hours per workday or in excess of eight (8) hours on the seventh

21   workday of the week.

22

23   27.   Defendants possess or should possess the exact information regarding the number

24   of hours worked by Plaintiff and each class member for the relevant statutory period.

25   28.   Plaintiff brings this action, pursuant to California Code of Civil Procedure section

26   382, against all Defendants on behalf of himself and all persons similarly situated in California.

27

28   The class which Plaintiff represents is comprised of all persons who were employed in California

                                        8

                                    COMPLAINT

14

1  by Defendants as an In-store Branch Manager during the relevant statutory period, who were

2  paid on a salaried basis and worked in excess of eight (8) hours per day and/or in excess of forty

3  (40) hours in one or more workweeks.  Plaintiff seeks against Defendants for each class member

4
   the balance of all unpaid wages, with interest thereon, pursuant to California Labor Code section

5
6  1194 for uncompensated overtime pay for the applicable statutory period (three (3) years).

7      29.    As a direct and proximate result of Defendants' violation of the overtime

8  provisions of the California Labor Code section 1194 and the Wage Order, there is due and

9
   owing to Plaintiff and to each class member overtime wages in an amount in excess of $25,000
10
11 to be established at the time of trial.

12     30.    Pursuant to California Labor Code section 1194, Plaintiff seeks on his behalf and

13 on behalf of each class member, reasonable attorney's fees and interest on unpaid wages, and

14
   costs of suit.
15
                                    VI.
16                         THIRD CAUSE OF ACTION
17        (Class Action Against All Defendants by Plaintiff, on Behalf of All Other
                      In-store Branch Managers Similarly Situated,
18               for Statutory Waiting Time Penalties for Failure to
                                 Pay Wages)
19

20     31.    Plaintiff incorporates by reference each and every allegation set forth in

21 paragraphs 1 through 18, 20 through 23 as if set forth in full herein.

22
       32.    California Labor Code sections 201 and 202 require an employer to pay all wages
23
24 earned but unpaid immediately upon the involuntary discharge of an employee or within

25 seventy- two (72) hours of an employee's voluntary termination of employment.  If an employer

26 intentionally or willfully fails to pay all wages earned and due upon termination, as set forth

27 above, the affected employee is entitled to statutory waiting time penalties, up to thirty (30) days,

28 of wages under California Labor Code section 203.

                                    9

                                COMPLAINT

33.     Defendants intentionally and willfully failed to pay Plaintiff and each class member who separated from, or was discharged by Defendants, the overtime premium owed to them and/or the one hour remedy pay for missed rest or meal periods, as required by law despite the fact that those wages were due and owing to said individuals.

34.     At no time has Plaintiff or a class member who terminated their employment with Defendants during the statutory period secreted, or absented themselves or otherwise refused to accept payment of wages earned and due to them upon termination. Plaintiff brings this action, pursuant to California Code of Civil Procedure section 382, against all Defendants on his behalf and on behalf of all persons similarly situated in California. The class which Plaintiff represents is comprised of all In-store Branch Managers who were employed by Defendants' in-store U.S. BANK branches in California during the statutory period, who (A) were denied the mandatory rest or meal period and/or who (B) were paid a salary and who worked overtime during the statutory period, and who (C) either quit or were discharged from Defendants' employment.

35.     Plaintiff seeks against Defendants for himself and for each class member the statutory waiting time penalty under California Labor Code section 203. Defendants intentionally and willfully failed to pay Plaintiff and each class member the overtime premium required by the Wage Order. Thirty (30) days has expired since the end of each class member's employment with Defendants. Therefore, Plaintiff seeks an award of the statutory waiting time penalty from Defendants in the amount of thirty (30) days' wages for Plaintiff and for each class member, with interest thereon, in an amount to be determined at the time of trial herein.

10

COMPLAINT

## VII.
### FOURTH CAUSE OF ACTION
**(Class Action Against All Defendants by Plaintiff, on Behalf of All Other**
**In-store Branch Managers Similarly Situated,**
**for Restitution of Overtime Wages and Injunctive**
**Relief for Unfair Business Practices**
**Pursuant to California Business & Professions**
**Code sections 17200, et seq.)**

36.    Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 18 as if set forth in full herein.

37.    Defendants' conduct as alleged above constitutes an unfair and unlawful business practice within the meaning of California Business & Professions Code sections 17200 and 17204. Plaintiff, on his own behalf and on behalf of all others similarly situated, seeks restitution and disgorgement from Defendants of premium overtime wages and rest and meal wages withheld from In-store Branch Managers who are or were employed in Defendants' in-store U.S. Bank branches in California during the statutory period (four (4) years).

38.    As a direct and proximate result of the unlawful and unfair conduct of Defendants, Plaintiff and the class members have suffered, and will continue to suffer, the loss of money owed to them in a sum as yet uncertain, but in excess of $25,000.

39.    Unless restrained, Defendants will continue to commit the unfair and unlawful business practices alleged above. Plaintiff therefore seeks a preliminary and permanent injunction pursuant to California Business & Professions Code sections 17203 and 17204 to enjoin Defendants from committing such practices in the future

### VIII.
### PRAYER

WHEREFORE, Plaintiff, and class members, pray for judgment against Defendants, and each of them, as follows:

11

COMPLAINT

1  ON THE FIRST CAUSE OF ACTION:

2     a.  For compensatory damages including, but not limited to, lost wages in excess of

3        $25,000.

4     b.  For pre- and post-judgment interest.

5     c.  For reasonable attorney's fees and costs pursuant to Labor Code section 218.5.

6  ON THE SECOND CAUSE OF ACTION:

7     d.  For compensatory damages including, but not limited to, lost wages in excess of

8        $25,000.

9     e.  For pre- and post-judgment interest.

10    f.  For reasonable attorney's fees and costs pursuant to Labor Code section 218.5.

11 ON THE THIRD CAUSE OF ACTION:

12    g.  For the statutory waiting time penalties pursuant to California Labor Code section

13       203.

14    h.  For pre- and post-judgment interest.

15 ON THE FOURTH CAUSE OF ACTION:

16    i.  For an order requiring Defendants to make full restitution of all money and other

17       property acquired by their violation of Business and Professions Code section 17200

18       et seq.

19    j.  For a preliminary and permanent injunction enjoining defendants from committing

20       the unfair and unlawful business practices.

21    k.  For pre- and post-judgment interest.

22 ON ALL CAUSES OF ACTION:

23    l.  For costs and expenses in this action; and

24    m.  Any other and further relief as the nature of the case may require, and, or that the

25       Court deems proper.

26 DEMAND FOR JURY TRIAL

27    Plaintiff hereby demands that this matter be heard and decided by a trial by jury.

28

12

18

HARRIS & KAUFMAN

DATED: September 10, 2007            By: _____

William E. Harris,
Attorneys for Plaintiff Jason J. Spainhower



13

COMPLAINT

Exhibit C

JOAN B. TUCKER FIFE (SBN:144572)
    email: jfife@winston.com
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, CA 94111
Telephone:    415-591-1000
Facsimile:    415-591-1400

JESSIE A. KOHLER (SBN: 179363)
    email: jkohler@winston.com
HWANNIE L. SHEN (SBN: 222342)
    email: hshen@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
Telephone:    213-615-1700
Facsimile:    213-615-1750

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

**ORIGINAL FILED**

**OCT 3 0 2007**

**LOS ANGELES
SUPERIOR COURT**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| JASON J. SPAINHOWER, an individual, on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>      vs.<br><br>U.S. BANK National Association, a Delaware Corporation; and DOES 1 through 50 inclusive,<br><br>      Defendants. | **CLASS ACTION CASE NO.: BC377402**<br><br>*Case Assigned to Hon. Victoria Chaney, Department 324, Central Civil West Courthouse*<br><br>**DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S ANSWER TO PLAINTIFF'S COMPLAINT** |

*Winston & Strawn LLP*
*333 South Grand Avenue*
*Los Angeles, CA 90071-1543*

20

Defendant U.S. Bank National Association ("Defendant"), appearing for itself alone and for no other party, answers the unverified complaint ("Complaint") of Plaintiff Jason J. Spainhower ("Plaintiff") on file herein as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies generally each and every allegation in the Complaint and further denies that Plaintiff was damaged in the nature alleged, or in any other manner, or at all.

Furthering answering the Complaint, Defendant denies that Plaintiff has sustained any injury, damage, or loss by reason of any conduct, action, error, or omission on the part of Defendant, or any agent, employee, or any other person acting under the authority or control of Defendant.

## AFFIRMATIVE DEFENSES

Without waiting any of the foregoing answers or defenses, as separate and distinct affirmative defenses to Plaintiff's Complaint, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Facts Sufficient To Constitute a Cause of Action)

1.     The Complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver)

2.     The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3.     The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of estoppel.

1

## FOURTH AFFIRMATIVE DEFENSE

2

### (Laches)

3       4.      The Complaint, and each purported cause of action alleged therein, is barred by the

4   doctrine of laches.

5

## FIFTH AFFIRMATIVE DEFENSE

6

### (Unclean Hands)

7       5.      Plaintiff is barred from maintaining the Complaint, and each purported cause of

8   action alleged therein, as a result of his unclean hands with respect to the events upon which the

9   Complaint and purported claims for relief allegedly are based.

10

## SIXTH AFFIRMATIVE DEFENSE

11

### (Statute of Limitations)

12      6.      Plaintiff's claims, if any, are barred, in whole or in part, by the applicable statutes of

13  limitations, including, but not limited to, California Code of Civil Procedure Sections 338 and 340,

14  California Labor Code Section 203, and California Business and Professions Code Section 17208.

15

## SEVENTH AFFIRMATIVE DEFENSE

16

### (Failure to Exhaust Administrative Remedies)

17      7.      Plaintiff has failed to satisfy the procedural and jurisdictional prerequisites necessary

18  to maintain his purported causes of action under the California Labor Code or any other statute.

19

## EIGHTH AFFIRMATIVE DEFENSE

20

### (Section 203 Claims Barred After Filing of Complaint)

21      8.      Plaintiff's claims under California Labor Code § 203 are barred as of the filing of

22  Plaintiff's Complaint on September 13, 2007.

23

## NINTH AFFIRMATIVE DEFENSE

24

### (Contribution by Plaintiff's Own Conduct)

25      9.      If Plaintiff was damaged in any way as a result of the matters alleged in the

26  Complaint, the damage or injury was due wholly to Plaintiff's own conduct.

27

28                                                                                      22

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1

## TENTH AFFIRMATIVE DEFENSE

2

### (Failure to State Facts Warranting Class Certification)

3       10.   This action is not properly brought as a class action, including but not limited to,

4   because Plaintiff has failed to state facts sufficient to certify a class and/or Plaintiff is not a proper

5   representative of the class he purports to represent.

6

## ELEVENTH AFFIRMATIVE DEFENSE

7

### (No Private Right of Action)

8       11.   Plaintiff's Complaint, and each purported cause of action alleged therein seeking

9   redress for meal period and/or rest period violations, is barred on the ground that Plaintiff has no

10  private right of action.

11

## TWELFTH AFFIRMATIVE DEFENSE

12

### (No Enforcement Duty for Meal and Rest Periods)

13      12.   Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to

14  the extent that it seeks redress for meal and rest period violations on the ground that Defendant does

15  not have an enforcement duty with respect to meal and rest periods.

16

## THIRTEENTH AFFIRMATIVE DEFENSE

17

### (Authorize and Permit Meal and Rest Periods)

18      13.   Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to

19  the extent it seeks redress for meal and rest period violations on the ground that Defendant

20  authorized and permitted Plaintiff to take meal and rest periods.

21

## FOURTEENTH AFFIRMATIVE DEFENSE

22

### (Conduct Not Willful)

23      14.   Claims for waiting time penalties are barred insofar as Defendant's conduct at the

24  time of termination of employment, as alleged in the Complaint, was not willful.

25

26

27

28

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

23

DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S ANSWER TO PLAINTIFF'S COMPLAINT

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Conduct Not Knowing or Intentional)**

15.     Claims for penalties for purportedly providing employees with inaccurate statements of wages earned and deductions taken are barred insofar as Defendant's conduct, as alleged in the Complaint, was neither knowing nor intentional.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Willfulness)**

16.     Defendant's actions or omissions were not willful within the meaning of applicable law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

17.     Plaintiff's claims, if any, are barred because Defendant's acts and omissions were in good faith, Defendant had reasonable grounds for believing that its acts and omissions did not violate any law, and Defendant believed in good faith that it was asserting legal rights.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Arbitration Is Condition Precedent To Suit)**

18.     Plaintiff's claims, if any, are barred because, pursuant to agreements entered into by individuals in the class, arbitration is a condition precedent to commencement and maintenance of this action and the action is barred by the absence of an arbitration. By filing its response, Defendant has not waived its right to arbitration in this matter.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(*De Minimis*)**

19.     The claims are barred in whole or in part because the amount of time for which they seek compensation is *de minimis*. *IBP v. Alvarez*, 126 S.Ct. 514 (2005).

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

20.     The claims are barred in whole or in part by accord and satisfaction.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

24

DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S ANSWER TO PLAINTIFF'S COMPLAINT

1

## TWENTY-FIRST AFFIRMATIVE DEFENSE

2

### (Release)

3      21.    The claims of some putative class and/or collective action class members are barred,

4  in whole or in part, because, in exchange for a good and valuable consideration, they released

5  Defendant from all liability to them for the claims alleged in the Complaint.

6

## TWENTY-SECOND AFFIRMATIVE DEFENSE

7

### (Exemption From Overtime)

8      22.    Pursuant to Industrial Welfare Commission Order 4-2001 (8 Cal. Code Reg. §

9  11040), Plaintiff and members of the proposed class are exempt from overtime pay requirements

10  because, *inter alia*, they were employed in a bona fide executive, administrative and/or professional

11  capacity and/or as an outside sales person.

12

## TWENTY-THIRD AFFIRMATIVE DEFENSE

13

### (Lack of Standing)

14      23.    The claims are barred, in whole or in part, because Plaintiff and the proposed classes

15  lack the necessary standing to pursue the claims asserted, including a claim for violation of the

16  California Unfair Practices Act.

17

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

18

### (No Unfair Business Practices)

19      24.    Defendant is not liable for violation of unlawful business practices pursuant to

20  California Business and Professions Code Sections 17200 *et seq.* because its business practices were

21  not unfair, deceptive, or likely to mislead anyone.

22

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

23

### (No Underlying Liability)

24      25.    Defendant is not liable for violation of unlawful business practices pursuant to

25  California Business and Professions Code Sections 17200 *et seq.* because it is not liable to Plaintiff

26  or members of the proposed class for any alleged violation of any underlying state laws.

27

28

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

25

6

1

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

2

### (Any Alleged Harm To Plaintiff Outweighed)

3       26.     Defendant is not liable for violation of unlawful business practices pursuant to

4    California Business and Professions Code Section 17200 *et seq.* because the benefits of Defendant's

5    practices to Plaintiff and to members of the proposed class outweigh whatever particular harm or

6    impact the practice allegedly caused them.

7

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

8

### (Due Process)

9       27.     The relief requested by Plaintiff and members of the proposed class pursuant to

10   California Business and Professions Code Sections 17200 *et seq.* violates Defendant's constitutional

11   rights under provisions of the United States and California Constitutions, including but not limited to

12   the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

13

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

14

### (Adequate Remedy At Law)

15      28.     The relief requested by Plaintiff and members of the proposed class pursuant to

16   California Business and Professions Code Sections 17200 *et seq.* should be denied because Plaintiff

17   and members of the proposed class have an adequate remedy at law.

18

## TWENTY-NINTH AFFIRMATIVE DEFENSE

19

### (Other Affirmative Defenses)

20      29.     Defendant currently has insufficient knowledge or information on which to form a

21   belief as to whether it may have additional, as yet unstated, defenses available.  Defendant expressly

22   reserves its right to assert additional affirmative defenses in the event discovery indicates they would

23   be appropriate.

24      WHEREFORE, Defendant prays for judgment as follows:

25      1.      That the Complaint be dismissed with prejudice and Plaintiff take nothing by his

26   Complaint;

27      2.      That Defendant be awarded its costs and attorneys' fees of defense as permitted by

28   law, including attorneys' fees under California Labor Code Section 218.5; and

26

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

7

1        3.     That Defendant be awarded such other and further relief as the Court deems just and

2    proper.

3

Dated:  October 30, 2007                WINSTON & STRAWN LLP

4

5

6                                         By: _____

7                                            Jessie A. Kohler

8                                            Attorneys for Defendant
U.S. BANK NATIONAL
ASSOCIATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

27

8

# PROOF OF SERVICE

STATE OF CALIFORNIA                    )
                                       )  ss
COUNTY OF LOS ANGELES                  )

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Winston & Strawn, 333 South Grand Avenue, Suite 3800, Los Angeles, CA  90071.  On October 3, 2007, I served the following document(s) by the method indicated below:

**DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S ANSWER TO PLAINTIFF'S COMPLAINT**

☐  by transmitting via facsimile on this date from fax number (213) 615-1750 the document(s) listed above to the fax number(s) set forth below.  The transmission was completed before 5:00 p.m. and was reported complete and without error.  The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine.  Service by fax was made by agreement of the parties, confirmed in writing.  The transmitting fax machine complies with Cal.R.Ct 2003(3).

X  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐  by causing to be personally delivered the document(s) listed above to the person(s) at the address(es) set forth below.

☐  by placing the document(s) listed above in a sealed envelope(s) and consigning it to Federal Express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

William E. Harris, Esq.
Matthew A. Kaufman, Esq.
Harris & Kaufman
15260 Ventura Blvd., Suite 2250
Sherman Oaks, CA 91403
Tel:  (818) 990-1999
Fax: (818) 990-1966

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on October 3, 2007, at Los Angeles, California.

Myrna Fuentes

28

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Exhibit D

FILE COPY

1  JOAN B. TUCKER FIFE (SBN:144572)
      email: jfife@winston.com
2  WINSTON & STRAWN LLP
   101 California Street, Suite 3900
3  San Francisco, CA 94111
   Telephone:    415-591-1000
4  Facsimile:    415-591-1400

5  JESSIE A. KOHLER (SBN: 179363)
      email: jkohler@winston.com
6  HWANNIE L. SHEN (SBN: 222342)
      email: hshen@winston.com
7  WINSTON & STRAWN LLP
   333 South Grand Avenue
8  Los Angeles, CA 90071-1543
   Telephone:    213-615-1700
9  Facsimile:    213-615-1750

10  Attorneys for Defendant
    U.S. BANK NATIONAL ASSOCIATION

11

12              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                  **FOR THE COUNTY OF LOS ANGELES**

14



15  JASON J. SPAINHOWER, an individual, on      )     **CLASS ACTION CASE NO.:  BC377402**
    behalf of all others similarly situated,    )
16                                               )
                    Plaintiff,                   )     **DEFENDANT US BANK NATIONAL**
17                                               )     **ASSOCIATION'S SPECIAL**
                 vs.                             )     **INTERROGATORIES (SET ONE)**
18                                               )
    U.S. BANK National Association, a Delaware   )
19  Corporation; and DOES 1 through 50 inclusive, )
                                                 )
20                  Defendants.                  )
                                                 )
21  _____ )

22

23

24

25

26

27

28

**DEFENDANT'S SPECIAL INTERROGATORIES (SET ONE)**

*Winston & Strawn LLP*
*333 South Grand Avenue, 38th Floor*
*Los Angeles, CA 90071-1543*

1    PROPOUNDING PARTY:    U.S. Bank National Association

2    RESPONDING PARTY:    Plaintiff Jason J. Spainhower

3    SET NUMBER:    One (1)

4        DEMAND IS HEREBY MADE, pursuant to California Code of Civil Procedure Sections

5    2030.010, *et seq.*, that Plaintiff Jason Spainhower serve on Defendant U.S. Bank National

6    Association a verified, written response to these Special Interrogatories (Set One) within thirty (30)

7    days after service.

8    **SPECIAL INTERROGATORIES**

9    **SPECIAL INTERROGATORY NO. 1:**

10        State the total number of unpaid overtime hours YOU (for purposes of these Interrogatories,

11    the terms "YOU" and "YOUR" shall refer to Plaintiff Jason Spainhower, and include his attorneys,

12    agents, and anyone else acting on his behalf) claim YOU worked for DEFENDANT during YOUR

13    employment with DEFENDANT (for the purposes of these interrogatories, the term

14    "DEFENDANT" shall refer to Defendant U.S. Bank National Association named in YOUR

15    COMPLAINT, which means throughout these Interrogatories, the Complaint filed by YOU in the

16    Los Angeles County Superior Court, Case No. BC 377402, and its current and former employees,

17    attorneys, agents and representatives.)

18    **SPECIAL INTERROGATORY NO. 2:**

19        State the total number of unpaid overtime hours YOU claim YOU worked for DEFENDANT

20    from September 13, 2004 until your employment with DEFENDANT terminated.

21    **SPECIAL INTERROGATORY NO. 3:**

22        State the total number of days that YOU worked for DEFENDANT for which YOU contend

23    that DEFENDANT did not provide you with one or more meal periods in compliance with

24    California Labor Code Section 226.7.

25    **SPECIAL INTERROGATORY NO. 4:**

26        State the total number of days that YOU worked for DEFENDANT from September 13,

27    2004 to the date YOUR employment with DEFENDANT terminated for which YOU contend that

28

Winston & Strawn LLP<br>333 South Grand Avenue, 38th Floor<br>Los Angeles, CA 90071-1543

-2-

**DEFENDANT'S SPECIAL INTERROGATORIES (SET ONE)**

30

1  DEFENDANT did not provide you with one or more meal periods in compliance with California

2  Labor Code Section 226.7.

3  **SPECIAL INTERROGATORY NO. 5:**

4      State the total number of days that YOU worked for DEFENDANT for which YOU contend

5  that DEFENDANT did not provide you with one or more rest periods in compliance with California

6  Labor Code Section 226.7.

7  **SPECIAL INTERROGATORY NO. 6:**

8      State the total number of days that YOU worked for DEFENDANT from September 13,

9  2004 to the date YOUR employment with DEFENDANT terminated for which YOU contend that

10  DEFENDANT did not provide you with one or more rest periods in compliance with California

11  Labor Code Section 226.7.

12  **SPECIAL INTERROGATORY NO. 7:**

13      State the average number of hours YOU worked in a workday during YOUR employment

14  with DEFENDANT.

15  **SPECIAL INTERROGATORY NO. 8:**

16      State the average number of hours YOU worked in a workweek during YOUR employment

17  with DEFENDANT.

18  **SPECIAL INTERROGATORY NO. 9:**

19      State the amount of damages YOU contend YOU are owed by DEFENDANT for unpaid

20  overtime.

21  **SPECIAL INTERROGATORY NO. 10:**

22      State the amount of damages YOU contend YOU are owed by DEFENDANT for alleged

23  violations of California Labor Code Section 226.7.

Winston & Strawn LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543

-3-

DEFENDANT'S SPECIAL INTERROGATORIES (SET ONE)

31

1  **SPECIAL INTERROGATORY NO. 11:**

2      State the amount of damages YOU contend YOU are owed by DEFENDANT for an alleged

3  violation of California Labor Code Section 203.

4

5  Dated: November 19, 2007                    WINSTON & STRAWN LLP

6

7                                              By: _____

8                                                  Jessie A. Kohler
                                                    Attorneys for Defendant
9                                                   U.S. BANK NATIONAL
                                                    ASSOCIATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Winston & Strawn LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543

-4-

1

**PROOF OF SERVICE**

2    STATE OF CALIFORNIA          )
                                  )   ss
3    COUNTY OF LOS ANGELES        )

4    I am a resident of the State of California, over the age of eighteen years, and not a party to the
     within action.  My business address is Winston & Strawn LLP, 333 South Grand Avenue, Los
5    Angeles, CA 90071-1543.  On November 19, 2007, I served the within documents:

6

**DEFENDANT US BANK NATIONAL ASSOCIATION'S SPECIAL
INTERROGATORIES (SET ONE)**

7

8    ☒    by causing the document(s) listed above to be delivered via overnight delivery
          (Federal Express) to the person(s) at the address(es) set forth below.

9

10   William E. Harris, Esq.
     Matthew A. Kaufman, Esq.
     Harris & Kaufman
11   15260 Ventura Boulevard
     Suite 2250
12   Sherman Oaks, CA  91403

13       I declare under penalty of perjury under the laws of the State of California that the above
     is true and correct.
14
         Executed on November 19, 2007, at Los Angeles, California.
15

16                                              _Rebecca L. Willis_
                                                Rebecca L. Willis
17

18

19

20

21

22

23

24

25

26

27

28



From:    Origin ID: EMTA   (213)615-1751
Rebecca Willis
Winston
333 South Grand Avenue
38th Floor
Los Angeles, CA 90071

Ship Date: 19NOV07
ActWgt: 1 LB
System#: 2140566/INET7091
Account#: S *********

Delivery Address Bar Code

SHIP TO: (818)990-1999        **BILL SENDER**
**Messrs. Harris and Kaufman**
**Harris & Kaufman**
**15260 Ventura Boulevard**
**Suite 2250**
**Sherman Oaks, CA 91403**

Ref #    104534.6 HS
Invoice #
PO #
Dept #





TRK#
0201    **7908 7777 9481**

TUE - 20NOV        A2
**PRIORITY OVERNIGHT**
**ASR**

**BUR**
**CA-US**
**91403**

# QZ-VNYA

Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.
FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

34

1  William E. Harris, State Bar No. 76706
   Matthew A. Kaufman, State Bar No. 166986
2  HARRIS & KAUFMAN
   15260 Ventura Blvd., Ste. 2250
3  Sherman Oaks, CA 91403
   Tel: (818) 990-1999
4  Fax: (818) 990-1966
   E-Mail: Wharris@Harriskaufman.com
5
   Attorneys for Plaintiff Jason J. Spainhower
6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                 FOR THE COUNTY OF LOS ANGELES--CENTRAL
10

11  JASON J. SPAINHOWER, an individual,,          Class Action Case No.: BC377402

12              Plaintiff,
                                                  **PLAINTIFF JASON SPAINHOWER'S**
13         vs.                                    **RESPONSES TO DEFENDANT US**
                                                  **BANK NATIONAL ASSOCIATION'S**
14  U.S. BANK National Association, a             **SPECIAL INTERROGATORIES, (SET**
    Delaware Corporation; and DOES 1 through      **ONE)**
15  50 inclusive,

16              Defendants.

17

18

19  PROPOUNDING PARTY:          Defendant, U.S. BANK NATIONAL ASSOCIATION

20  RESPONDING PARTY:           Plaintiff, JASON J. SPAINHOWER

21  SET NUMBER:                 One

22         It should be noted that this responding party has not fully completed investigation of the

23  facts relating to this case, has not fully completed discovery in this action and has not completed

24  preparation for the trial. All of the answers contained herein are based only upon such

25  information and documents which are presently available to and specifically known to this

26  responding party and disclose only those contentions which presently occur to such responding

27  party. It is anticipated that further discovery, independent investigation, legal research and

28  analysis will supply additional facts, add meaning to the known facts as well as to establish

                                              1

Plaintiff Jason Spainhower's Responses to Defendant Us Bank National Association's Special
                               Interrogatories, (Set One)

1  entirely new factual conclusions and legal conclusions, all of which may lead to substantial

2  additions to, changes in and variations from the contentions herein set forth. The following

3  interrogatory responses are given without prejudice to responding party's right to produce

4  evidence of any subsequently discovered fact or facts which this responding party may later

5  recall. Responding party accordingly reserves the right to change any and all answers herein as

6  additional facts are ascertained, analyses are made, legal research is completed and contentions

7  are formulated. The answers contained herein are made in a good faith effort to supply as much

8  factual information and as much specification of legal contentions as are presently known, but

9  should in no way be to the prejudice of this responding party in making later additions or changes

10  to the answers. Responding party objects to each and every interrogatory on the grounds that

11  they may call for information protected by the attorney-client and attorney work product

12  privileges. This responding party is not providing information that is protected by said privileges

13  **SPECIAL INTERROGATORIES**

14  *SPECIAL INTERROGATORY NO. 1:*

15      *State the total number of unpaid overtime hours YOU (for the purposes of these*

16  *Interrogatories, the terms "YOU" and "YOUR" shall refer to Plaintiff Jason Spainhower, and*

17  *include his attorneys, agents, and anyone else acting on his behalf) claim YOU worked for*

18  *DEFENDANT during YOUR employment with DEFENDANT (for the purposes of these*

19  *interrogatories, the term "DEFENDANT" shall refer to Defendant U.S. Bank National*

20  *Association named in YOUR COMPLAINT, which means throughout these Interrogatories, the*

21  *Complaint filed by YOU in the Los Angeles County Superior Court, Case No. BC 377402, ad its*

22  *current and former employees, attorneys, agents and representatives.)*

23  RESPONSE TO SPECIAL INTERROGATORY NO. 1:

24      At this time, plaintiff's best estimate of the total number of unpaid overtime hours that he

25  worked during his employment with defendant is 1,393 hours at time-and-a-half, and 260 hours

26  of double time.

27  *SPECIAL INTERROGATORY NO. 2:*

28      *State the total number of unpaid overtime hours YOU claim YOU worked for*

1   *DEFENDANT from September 13, 2004 until your employment with DEFENDANT terminated.*

2   RESPONSE TO SPECIAL INTERROGATORY NO. 2:

3       At this time, plaintiff's best estimate of the total number of unpaid overtime hours that he

4   worked during his employment with defendant since September 13, 2004 is 1,393 hours at time-

5   and-a-half, and 260 hours of double time.

6   *SPECIAL INTERROGATORY NO. 3:*

7       *State the total number of days that YOU worked for DEFENDANT for which YOU*

8   *contend that DEFENDANT did not provide you with one or more meal periods in compliance*

9   *with California Labor Code Section 225.7.*

10  RESPONSE TO SPECIAL INTERROGATORY NO. 3:

11      At this time, plaintiff has not made such a calculation.

12   SPECIAL INTERROGATORY NO. 4:

13      *State the total number of days that YOU worked for DEFENDANT from September 13,*

14  *2004 to the date YOUR employment with DEFENDANT terminated for which YOU contend that*

15  *DEFENDANT did not provide you with one or more meal periods in compliance with California*

16  *Labor Code Section 226.7.*

17  RESPONSE TO SPECIAL INTERROGATORY NO. 4:

18      At this time, plaintiff has not made such a calculation.

19  *SPECIAL INTERROGATORY NO. 5:*

20      *State the total number of days that YOU worked for DEFENDANT for which YOU*

21  *contend that DEFENDANT did not provide you with one or more rest periods in compliance*

22  *with California Labor Code Section 226.7.*

23  RESPONSE TO SPECIAL INTERROGATORY NO. 5:

24      At this time, plaintiff has not made such a calculation.

25  *SPECIAL INTERROGATORY NO. 6:*

26      *State the total number of days that YOU worked for DEFENDANT from September 13,*

27  *2004 to the date YOUR employment with DEFENDANT terminated for which YOU contend that*

28  *DEFENDANT did not provide you with one or more rest periods in compliance with California*

3

1    *Labor Code Section 226.7.*

2    RESPONSE TO SPECIAL INTERROGATORY NO. 6:

3         At this time, plaintiff has not made such a calculation.

4    *SPECIAL INTERROGATORY NO. 7:*

5         *State the average number of hours YOU worked in a workday during YOUR employment*

6    *with DEFENDANT.*

7    RESPONSE TO SPECIAL INTERROGATORY NO. 7

8         At this time, plaintiff's best estimate of the average number of hours worked were 9.5 per

9    day.

10   *SPECIAL INTERROGATORY NO. 8:*

11        *State the average number of hours YOU worded in a workweek during YOUR*

12   *employment with DEFENDANT.*

13   *RESPONSE TO SPECIAL INTERROGATORY NO. 8:*

14        The following is a breakdown of plaintiff's best estimate (at this time) of the hours he

15   worked during a workweek with defendant:

16        1.    During 23% of plaintiff's employment with defendant, he worked 5 days a weeks,

17              which resulted in an average of 47.5 hours a week.

18        2.    During 31% of plaintiff's employment with defendant, he worked 5 days a week

19              with, plus was called in on his days off to sign loans, pay cash to ATMs, take

20              conference calls and other various work duties.  This resulted in and average of

21              51.5 hours a week.

22        3.    During 38% of plaintiff's employment with defendant, he worked 6 days a week

23              resulting in an average of 57 hours a week.

24        4.    During 8% of plaintiff's employment with defendant, he worked 7 days a week,

25              resulting in an average of 66.5 hours per week.

26        The average hours worked by plaintiff for defendant per workweek is 53.8 hours.

27   *SPECIAL INTERROGATORY NO. 9:*

28        *State the amount of damages YOU contend YOU are owed by DEFENDANT for unpaid*

4

Plaintiff Jason Spainhower's Responses to Defendant Us Bank National Association's Special
Interrogatories, (Set One)

1 | *overtime.*

2 | RESPONSE TO SPECIAL INTERROGATORY NO. 9:

3 | At this time, plaintiff's best estimate of the damages due to him for overtime is

4 | approximately $78,000. .

5 | *SPECIAL INTERROGATORY NO. 10:*

6 | *State the amount of damages YOU contend YOU are owed by DEFENDANT for alleged*

7 | *violations of California Labor Code Section 226.7.*

8 | RESPONSE TO SPECIAL INTERROGATORY NO. 10:

9 | The total damages due to plaintiff for defendant's violation of California Labor Code

10 | Section 226.7 are not calculated at this time.

11 |

12 | HARRIS & KAUFMAN

13 |

14 | Dated: January 2, 2008

15 | By: _William E. Harris,_

16 | William E. Harris,
Attorneys for Plaintiff

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

5

Plaintiff Jason Spainhower's Responses to Defendant Us Bank National Association's Special Interrogatories, (Set One)

39

1

## VERIFICATION

2

3   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4

5       I have read the foregoing document entitled: **Plaintiff Jason Spainhower's**

6  **Responses to Defendant US Bank National Association's Special Interrogatories,**

7  **(Set One)**.

8

9       I am a party to this action.  The matters stated in the foregoing document are true

10  of my own knowledge except as to those matters which are stated on information and

11  belief, and as to those matters I believe them to be true.

12

13      Executed on  December 3rd , 2007, at Morrisville, North Carolina.

14

15       I declare under penalty of perjury under the laws of the State of California that the

16  foregoing is true and correct.

17

18

19                Jason Spainhower

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE AND CERTIFICATION

2
      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is **15260 Ventura Boulevard, Suite 2250,**

3
**Sherman Oaks, California, 91403.**

4
[]    (For messenger) my business address is:

5
_____.

      On **January 2, 2008**, I served the foregoing document(s) described as **"PLAINTIFF JASON**
6
**SPAINHOWER'S RESPONSES TO DEFENDANT US BANK NATIONAL**
**ASSOCIATION'S SPECIAL INTERROGATORIES, (SET ONE)"** on ALL INTERESTED
7
PARTIES in this action by placing [] the original [X] a true copy thereof enclosed in sealed envelope
addressed as follows:

8

9
Joan B. Tucker Fife                  Jessie A. Kohler
WINSTON & STRAWN LLP       Hwannie L. Shen
10
101 California Street, Suite 3900     WINSTON & STRAWN LLP
San Francisco, CA 94111          333 South Grand Ave.
11
                                      Los Angeles, CA 90071
      On the above date:

12
[X]    **(BY U.S. MAIL/BY [ ] EXPRESS MAIL)**    The sealed envelope with postage thereon fully
13
prepaid was placed for collection and mailing following ordinary business practices. I am aware that on
motion of the party served, service is presumed invalid if the postage cancellation date or postage meter
14
date on the envelope is more than one day after the date of deposit for mailing set forth in this
declaration. I am readily familiar with Harris & Kaufman's practice for collection and processing of
15
documents for mailing with the United States Postal Service and that the documents are deposited with
the United States Postal Service the same day as the day of collection in the ordinary course of business.
16
[ ]    **(BY FEDERAL EXPRESS OR OTHER OVERNIGHT SERVICE)**  I deposited the sealed
17
envelope in a box or other facility regularly maintained by the express service carrier or delivered the
sealed envelope to an authorized carrier or driver authorized by the express carrier to receive documents.
18
[]    **(BY FACSIMILE TRANSMISSION)** On _____, _____, at Sherman Oaks, California, I
19
served the above-referenced document on the above-stated addressee by facsimile transmission pursuant
to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine
20
was (818) 990-1966, and the telephone number of the receiving facsimile numbers were (213) 615-1750
and (415) 591-1400. A transmission report was properly issued by the sending facsimile machine, an the
21
transmission was reported as complete and without error. Copies of the facsimile transmission cover
sheet and the transmission report are attached to this proof of service.

22
[ ]    **(BY PERSONAL DELIVERY)**    By causing a true copy of the within document(s) to be
23
personally hand-delivered to the office(s) of the addressee(s) set forth above, on the date set forth above.

24
[ ]    **(BY PERSONAL SERVICE)**  I delivered such envelope by hand to the offices of the
addressee.
25
[ ]    **(FEDERAL ONLY)**    I declare that I am employed in the office of a member of the bar of this
26
court at whose direction the service was made.

27
      I declare under penalty of perjury that the foregoing is true and correct.

28
      Executed on January 2, 2008, at Sherman Oaks, California.

                                          _____
                                             Maria Webster

41

1   WILLIAM E. HARRIS (SB 76706)
    MATTHEW A. KAUFMAN (166986)
2   HARRIS & KAUFMAN
3   15260 VENTURA BLVD. SUITE 2250
    SHERMAN OAKS, CALIFORNIA 91403
4   TELEPHONE: (818) 990-1999
    FACSIMILE: (818) 990-1966
5   E-MAIL: wharris@harriskaufman.com

6   Attorneys for Plaintiff Jason J. Spainhower, and all individuals similarly situated

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF LOS ANGELES-UNLIMITED JURISDICTION

10

11  JASON J. SPAINHOWER, an individual, on  )  Class Action Case No.: BC377402
12  behalf of all others similarly situated,         )
                                                                      )
13                  Plaintiff,                                  )  **PLAINTIFF'S NOTICE OF ENTRY OF**
                                                                      )  **ORDER OF RE-ASSIGNMENT TO**
14                  vs.                                       )  **JUDGE SOUSSAN G. BRUGUERA**
                                                                      )  **(DEPT. 71); AND NOTICE OF CASE**
15  U.S. BANK National Association, a Delaware )  **MANAGEMENT CONFERENCE**
16  Corporation; and DOES 1 through 50          )
    inclusive,                                             )
17                                                                 )
                    Defendants.                           )
18                                                                 )
                                                                      )
19                                                                 )

20

21          TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

22          PLEASE TAKE NOTICE that the Court has ordered that this case has been deemed non-

23  non complex and re-assigned to the Hon. Soussan G. Bruguera in department 71.  A true and

24  correct copy of the Court's order is attached hereto as Exhibit "1."

25          YOU ARE FURTHER NOTIFIED that the Court has scheduled a case management

26  conference for November 26, 2007 at 9:00 a.m. in Dept. 71.  A true and correct copy of the

27  Court's Notice of Case Management Conference is attached hereto as Exhibit "1.

28

                                                        1

1

2

3
                                      HARRIS & KAUFMAN

4
DATED:  September 10, 2007        By:

5
                                        William E. Harris,
                                        Attorneys for Plaintiff Jason J. Spainhower

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2