JOAN B. TUCKER FIFE (SBN: 144572)
    email: jfife@winston.com
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, CA  94111
Telephone:  415-591-1000
Facsimile:  415-591-1400

JESSIE A. KOHLER (SBN) 179363)
    email: jkohler@winston.com
HWANNIE L. SHEN (SBN:  222342)
    email: hshen@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
Telephone:  213-615-1700
Facsimile:  213-615-1750

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON J. SPAINHOWER, an individual, on behalf of all others similarly situated, | Case No. CV08 – 00137 GPS (PJWx) |
| Plaintiff, | **JOINT RULE 26(F) REPORT** |
| vs. | |
| U.S. BANK National Association, a Delaware Corporation; and DOES 1 through 50 inclusive, | |
| Defendants. | |

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

-1-

The parties to the above-entitled action jointly submit this Amended Joint Rule 26(f) Report. A chart with all proposed dates is included at Section X of this Report.

## I.   CONFERENCE OF THE PARTIES

On March 14, 2008, counsel for Plaintiff Jason Spainhower ("Plaintiff") and Defendant U.S. Bank National Association ("U.S. Bank") participated in the conference of the parties required by Rule 26(f) of the Federal Rules of Civil Procedure. During that conference, the parties discussed the topics set forth in Rule 26(f) and Local Rule 26-1 and reached certain agreements detailed below.

## II.   DESCRIPTION OF THE CASE

On September 13, 2007, Plaintiff filed this putative class action complaint in the Superior Court of the State of California on behalf of himself and all current and former In-store Branch Managers working in California from September 13, 2003 to the present. Plaintiff is a former U.S. Bank employee who worked at the company from about March 2004 to June 2007. The Complaint seeks relief for alleged failure to pay overtime compensation, failure to provide rest and meal breaks, failure to pay all wages due at termination under Labor Code section 203 and unlawful business practices under Business & Professions Code section 17200 *et seq.* U.S. Bank later removed the action to this Court.

## III.   MANUAL FOR COMPLEX LITIGATION

The parties agree that unless class certification is denied, the current edition of the Manual For Complex Litigation should be used by the parties.

## IV.   SETTLEMENT PROSPECTS

While no settlement discussions are currently scheduled, both parties are open to considering settlement discussions at a later date after some discovery has been conducted, likely before a private mediator. The parties have not agreed on whether such settlement discussions would occur prior to or after a ruling on Plaintiff's motion for class certification.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

## V.   DISPOSITIVE MOTIONS

U.S. Bank may file dispositive motions, including, but not limited to, a motion for summary judgment and/or adjudication.  The parties do not agree on the timing of any dispositive motions.  U.S. Bank contends that such a motion should be heard after the discovery cut-off date.  Plaintiffs contend that the discovery cut-off date should be after any hearing on such a motion.  (*See* Section X for the parties' separate proposals.)

## VI.   ADDITIONAL PARTIES

The parties do not anticipate the addition of any parties.

## VII.   EXPERT WITNESSES

Neither party currently has retained an expert witness.  If either party determines that expert witnesses are necessary, such witnesses will be disclosed at least 75 days before the trial date.  (*See* Section X.)

## VIII. DISCOVERY

### A.   Initial Disclosures

Because of the nature of this case as a class action, the parties have agreed to exchange written discovery in lieu of providing initial disclosures under Rule 26.  The parties further agree that the discovery propounded by Plaintiff in the state court action can be used in this action, including that Plaintiff may seek supplemental responses to such discovery from U.S. Bank.

### B.   Discovery Plan

The parties agree that discovery should be conducted in two phases with the first phase focusing on class certification issues and the second phase focusing on the merits of the underlying action.  The parties recognize that the two issues may overlap under some circumstances but will work together in good faith to tailor the discovery according to this two-phase plan.

//

//

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

-3-

Case 2:08-cv-00137-JHN-PJW    Document 15    Filed 03/24/08    Page 4 of 6

## C.    Discovery Cut-Off Date

The parties believe that a reasonable discovery cut-off date will be dependant on whether the case is certified as a class action. If it is not, only limited additional discovery will be needed following the Court's order denying certification. If a class is certified, sufficient time following the opt-out period will be needed to conduct discovery regarding the merit of class member claims. Because of these variables, the parties suggest that any discovery date set by the Court be revisited following the Court's order regarding class certification.

## IX.    TRIAL ESTIMATE

The parties believe that the length of any trial is dependant on whether the action is certified as a class action, the number of class members, if any, and the trial plan adopted by the Court. Because of these variables, the parties estimate that the trial will last 3-5 court days if class is not certified and up to 30 court days if a class is certified. (*See* Section X.)

## X.    PROPOSED DATES

The parties propose that the following dates be adopted by the Court. Different dates have been provided depending on whether a class is certified or not on the basis that, if a class is certified, additional discovery regarding class members would have to be conduct following any opt-out period:

| Class Certification Motion Deadline | January 19, 2009 |
|---|---|
| Class Certification Motion Opposition Deadline | February 18, 2009 |
| Class Certification Motion Reply (if any) | March 4, 2009 |
| Hearing on Class | March 16, 2009 |

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

-4-

| Certification Motion | | |
|---|---|---|
| | **If Class Certification Denied** | **If Class Certified** |
| Expert Witness Disclosure Deadline | June 23, 2009 | December 9, 2009 |
| Non-Expert Discovery Cut-Off | July 10, 2009 | December 31, 2010 |
| Dispositive Motion Hearing Cut-Off | U.S. Bank's proposal: August 10, 2009 <br><br> Plaintiff's proposal: June 10, 2009 | U.S. Bank's proposal: February 2, 2010 <br><br> Plaintiff's proposal: January 2, 2010 |
| Expert Witness Discovery Cut-Off | August 10, 2009 | February 2, 2010 |
| Trial Date | September 8, 2009 | March 2, 2010 |

Dated:      March 24, 2008

WINSTON & STRAWN LLP
JOAN B. TUCKER FIFE
JESSIE A. KOHLER
HWANNIE L. SHEN


By: _____

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1

2   Dated:       March 24, 2008       HARRIS & KAUFMAN
3                                     WILLIAM HARRIS
                                      WILLIAM E. HARRIS
4
                                      By:  _____
5
6                                     Attorneys for Plaintiff
                                      JASON SPAINHOWER
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

-6-

JOINT RULE 26(F) REPORT                    CASE NO. SACV06-638
LA:208380.1