UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON J. SPAINHOWER, an individual, on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>U.S. BANK NATIONAL ASSOCIATION, a Delaware Corporation; and DOES 1 through 50 inclusive,<br><br>          Defendants. | Case No. CV 08-137-FMC(PJWx)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL |

    Before the Court is Plaintiff's motion to compel discovery.  For the following reasons, the motion is granted, each side to bear its own costs and attorney's fees.

    Plaintiff worked for Defendant U.S. Bank as a branch manager at an in-store bank branch.  He brings this action under California law, complaining that Defendant failed to pay him overtime and provide him with rest breaks.  Plaintiff seeks to make this a class action, adding all similarly situated in-store branch managers.  He seeks from Defendant U.S. Bank the names, addresses, and other personal information of other in-store bank managers so that he can contact them and ask them if they want to join the lawsuit as class members.

1  Defendant has refused to produce the information.  It claims that
2 the employees' privacy rights are paramount here and that Plaintiff
3 should not be allowed to learn their identities.  Defendant also
4 argues that it should not have to produce information about these
5 employees unless and until the court certifies the class.
6  The parties cite conflicting authority to support their
7 respective positions.  Plaintiff relies on California law that holds
8 that such discovery is appropriate.  *Pioneer Electronics (USA) v.*
9 *Superior Court*, 40 Cal. 4th 360, 373 (2007).  Defendant relies on
10 federal law that reaches the opposite conclusion.  *See, e.g., Hatch v.*
11 *Reliance Ins. Co.*, 758 F.2d 409, 416 (9th Cir. 1985).  Ultimately,
12 both lines of cases can be read to stand for the proposition that a
13 court maintains discretion on the issue of the timing and scope of
14 discovery in class actions.  *See, e.g., id.*
15  In this case, the Court concludes that the equities weigh in
16 favor of Plaintiff and the potential plaintiffs and, therefore, orders
17 discovery.  While the Court does not discount the bank managers' right
18 to privacy, this right is not absolute.  In this case, the managers'
19 right to privacy must yield to Plaintiff's efforts to include them in
20 this lawsuit.  Should the managers decide that they want to join this
21 lawsuit, they certainly will not be heard to complain later that their
22 privacy rights were violated when they were contacted and invited to
23 join the case.  Should they decide not to participate, the intrusion
24 into their privacy will be minimal.  They will simply have to review a
25 brief letter (or postcard) from a third-party administrator, check a
26 box that informs the administrator that they are not interested in
27 participating in the class action, and return it in the mail.  For
28 these reasons, Defendant's privacy objection is overruled.

1  Defendant's other objection--that these types of cases are
2 usually bifurcated and class discovery is not allowed until after the
3 issue of class certification is decided--is also overruled.  This case
4 is more than a year old.  No judge has bifurcated the proceedings.
5 Nor does it appear that Defendant has made such a request.  As such,
6 there is no reason why Plaintiff cannot proceed with discovery as he
7 sees fit.
8  Plaintiff and Defendant are to agree on a third-party
9 administrator to administer an opt-in procedure.  Defendant will
10 provide the administrator with the names and addresses of the in-store
11 branch bank managers who worked for Defendant between September 13,
12 2003, and the date of this Order.  The administrator will contact the
13 managers by mail and inform them about this lawsuit and their
14 potential interest in it.  The managers will be instructed that if
15 they wish to opt in they do not need to do anything, but that if they
16 want to opt out they have to fill out a form and return it to the
17 administrator.
18  The second issue before the Court is whether Defendant should
19 have to provide an answer to Interrogatory 35, which reads:
20  IDENTIFY who, if anyone, plaintiff Jason J. Spainhower was
21  responsible for supervising while employed by YOU, as an IN
22  -STORE BRANCH MANAGER.
23  Defendant objected on numerous grounds, most of which have no
24 basis in fact or law, but has abandoned most of those objections.
25 What remains is a privacy objection, which the Court overrules.
26 Though these employees, too, have a right to privacy, that right is
27 not absolute.  They are percipient witnesses to what Plaintiff
28

1  contends is a violation of law. Their right to privacy must yield to
2  Plaintiff's right to obtain information to prosecute his lawsuit.
3       Plaintiff seeks attorney's fees and costs under Federal Rule
4  37(a)(5)(A). The Court concludes that sanctions are not warranted
5  here because Defendant's position is, arguably, substantially
6  justified. For that reason, Plaintiff's request for attorney's fees
7  is denied.
8       IT IS SO ORDERED.
9       DATED:   November   4   , 2008.

                                    PATRICK J. WALSH
                                    UNITED STATES MAGISTRATE JUDGE

27  S:\PJW\Cases-X\SPAINHOWER\ORD.GRNTG.P'S.MOT.COMPEL.wpd