William E. Harris (SBN 76706)
   wharris@harriskaufman.com
Matthew A. Kaufman (SBN 166986)
   mkaufman@harriskaufman.com
Arin Norijanian (SBN 260936)
   anorijanian@harriskaufman.com
HARRIS & KAUFMAN
15260 Ventura Blvd, Ste. 2250
Sherman Oaks, CA 91403
Tel: (818) 990-1999
Attorneys for Plaintiff, Jason J. Spainhower

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON J. SPAINHOWER, an individual,<br><br>   Plaintiff,<br><br>vs.<br><br>U.S. BANK National Association, a Delaware Corporation; and DOES 1 through 50 inclusive,<br><br>   Defendants.<br><br>L. MICHAEL WILLIAMS, individually, and on behalf of other members of the general public similarly situated,<br><br>   Plaintiff,<br><br>vs.<br><br>U.S. BANCORP dba U.S. BANK, a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>   Defendants. | Consolidated Case No.: CV08-00137 FMC (PJWx)<br><br>**PLAINTIFFS' POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR A PROTECTIVE ORDER PROHIBITING DEFENDANTS FROM TAKING THE DEPOSITIONS OF UNNAMED CLASS MEMBERS**<br><br>**Magistrate Patrick J. Walsh**<br>Ctrm: 827A<br><br>Class Discovery C/O: 12/7/09<br>Plaintiff's Filing Date for Class Certification: 1/9/10<br>Hearing on Class Certification: 3/15/10 at 10:00 a.m.<br><br>Discovery C/O: None set<br>Pretrial Conf.: None set<br>Trial: None set |

1

## I. RELIEF SOUGHT

Plaintiffs apply for a protective order prohibiting Defendants, U.S. Bank, N.A., and U.S. Bankcorp ("Defendants"), from taking unnamed class member depositions, including the depositions of Mohammed Chawla, Valeria Dolores McKee, Christian Romero, Anthony Procopio, Ellsworth Cooke and Shawnette White. The blackletter rule in class-actions is a party must receive a prior court order before taking the depositions of unnamed class members. Defendants have not received such a court order, but they insist on taking the depositions of unnamed class members.

If Plaintiffs cannot receive ex parte relief, they will suffer on an irreparable injury. If Defendants take these depositions as they have stated they will, then they will be taken in violation of rule prohibiting depositions of unnamed class members. This rule is designed to prevent harassment of unnamed class members and the use of discovery to whittle down the number of class members. If the depositions go forward, these deponents will suffer the harassment of discovery, exactly what the rule seeks to prevent.

Even if Defendants can ultimately show they are entitled to take the depositions, Plaintiffs and the class members will still suffer an irreparable injury. The rule holds that, if a party can show the need for depositions of unnamed class members, the Court is to consider limits on the discovery, such as scope, time, etc. If the depositions occur, examination will take place without any limits. The Court should issue this *ex parte* motion.

Plaintiffs find disturbing that Defendants intended to violate the rule preventing unnamed class member depositions even after being notified by Plaintiffs' counsel. Defendants gave notice they intend to file their own ex parte applications to (1) change the briefing schedule presently set for class certification and (2) for an order permitting them to take the depositions. That is what Defendants should have done in the first place.

1

1    Equally disturbing to Plaintiffs is the weak foundation provided by
2 Defendants for taking the depositions.  The law provides that unnamed class
3 member depositions can only be on class issues.  However, what drives
4 Defendants' arguments is that some unnamed class members gave declarations to
5 Plaintiffs, and Defendants contend that as a result, they are entitled as a matter of
6 right to depose the declarants.  This is not correct based on any proper reading of
7 the law.  This weak foundation shows Defendants' intent to harass and punish the
8 unnamed class members and dissuade others from cooperating with Plaintiffs.
9    Clearly, a prior court order is required before taking any depositions.  Such a
10 court order will be granted only upon a showing of, among other things, specific
11 need related to class issues.  Defendants have not made such a showing.  For these
12 reasons, and those below, this application should be granted.

## II.    OPPOSING COUNSEL'S INFORMATION

Pursuant to Local Rule 7-19, the name, address, telephone, and e-mail information for opposing counsel are:

Maria Rodriguez, Winston & Strawn LLP, 333 S. Grand Avenue, Los Angeles, CA 90071-1543, (213) 615-1907, McRodriguez@winston.com.

Emilie C. Woodhead Winston & Strawn LLP, 333 S. Grand Avenue, Los Angeles, CA 90071-1543, (213) 615-1823, EWoodhead@winston.com.

## III.   STATEMENT OF FACTS: DEFENDANTS WANT TO TAKE DEPOSITIONS OF UNNAMED CLASS MEMBERS WITHOUT A PRIOR COURT ORDER

This case is a consolidated wage and hour class-action.  Plaintiffs Spainhower and Williams allege that Defendants employed them as In-Store Branch Managers to work in their in-store banks, i.e., a bank in a grocery store. Defendants removed the case to federal court on based on diversity of citizenship. Plaintiffs allege that Defendants misclassified Plaintiffs as exempt when they were

2

truly non-exempt from the overtime pay requirements of California law.  Plaintiffs allege causes of action for (1) overtime pay, (2) meal and rest breaks required by the California *Labor Code*, (3) for statutory waiting time penalties under *Labor Code* §203, and (4) for restitution under *Business & Professions Code* §17200 et seq.  Plaintiffs further allege that the case should be a class-action on behalf of all California In-Store Branch Managers employed by Defendants in California.

On Tuesday, November 17, 2009, defense counsel emailed Plaintiffs' counsel that they intended to propose unnamed putative class members.  On November 19, Defendants hand served Plaintiffs with notices of depositions and subpoenas to depose the following people on the following dates and locations:

| DEPONENT | DATE | LOCATION |
| --- | --- | --- |
| Mohamed Chawla | November 24, 2009 | Los Angeles |
| Valeria Dolores McKee | November 25, 2009 | Los Angeles |
| Christian Romero | November 30, 2009 | Los Angeles |
| Anthony Procopio | December 1, 2009 | Stockton, CA |
| Ellsworth Cooke | December 3, 2009 | San Francisco |
| Shawnette White | December 3, 2009 | Los Angeles |

Each of these deponents had given declarations to Plaintiffs' counsel regarding their working conditions in this case.  Plaintiffs disclosed these declarations in a supplemental response to discovery.

Chawla's deposition was noticed for November 24, 2009, and he was served on November 17, 2009, giving him seven (7) days notice.  Mckee's deposition was noticed for November 25, 2009, and she was served on November 17, 2009, giving her seven (7) days notice.

The parties had a number of emails conferring on the issue (see exhibit 1),[1]

---

[1] Unless otherwise indicated, all references and exhibits are to the declaration of Matthew A. Kaufman filed concurrently herewith.

3

1 and a telephone conversation on November 23, 2009.  Kaufman decl. ¶¶ 7-12.
2 This application follows.

### IV. IN CLASS ACTIONS, A PARTY MUST OBTAIN A COURT ORDER TO TAKE A DEPOSITION OF AN UNNAMED CLASS MEMBER. NO SUCH ORDER EXISTS IN THIS CASE.

To depose an unnamed class member, Defendants are required to obtain a court order in advance.  To obtain such a court order, Defendants must show a specific need for the depositions and no alternate method obtaining it.  The deposition can only relate to class issues.  This rule arises from case law and the parties agreement, i.e., the Amended Joint Rule 26(f) Report filed with the Court November 14, 2008, provides that "The parties agree that unless class certification is denied, the current edition of the Manual For Complex Litigation should be used by the parties."  Kaufman decl. ¶ 13.

The Manual For Complex Litigation provides that "Discovery of unnamed members of a proposed class requires a demonstration of need."  Kaufman decl., Exhibit 2, page 256 of the Manual.)  *Baldwin & Flynn v. National Safety Associates*, 149 F.R.D. 598 (N.D. Cal. 1993), which the Manual cites, held that "defendants must have leave of court to take depositions of members of a putative class, other than the named class members-after first showing that discovery is both necessary and for a purpose other than taking undue advantage of class members."  This describes the consensus of the present state of the law.  See *Cal. Prac. Guide Fed. Civ. Pro. Before Trial,* Ch. 10-C; 10:750.

Depositions of unnamed class members are frowned upon.  The burden is heavy to justify asking questions by interrogatories, even heavier to justify depositions.  *Clark v. Universal Builders, Inc.,* 501 F.2d 324, 340-341 (7th Cir.1974).  "Since depositions are likely to be more burdensome than interrogatories, a greater showing of justification will be required where defendant seeks to depose unnamed class members."  *Id.* at 341.  *Baldwin & Flynn* describes

4

1 taking depositions in such a case as "appropriate in special circumstances." 149
2 F.R.D. 598, 599.

3 From a policy standpoint, the rule seeks to prevent harassment of unnamed
4 class members. Compelling them to submit to discovery could impair the
5 effectiveness of the class action device; i.e., they might decide to "opt out" rather
6 than answer burdensome interrogatories or submit to depositions. *Brennan v.*
7 *Midwestern United Life Ins. Co.* (7th Cir. 1971) 450 F2d 999, 1005. For this
8 reason, various safeguards are generally imposed where the party opposing the
9 class seeks to serve interrogatories or take depositions from unnamed class
10 members. It should be noted that the Manual for Complex Litigation discusses this
11 type of discovery primarily in regard to "post certification," i.e., after a class has
12 been certified which implies these depositions are premature. See Exhibit 2, page
13 356 of Manual.

14 Secondly, from a policy standpoint, the efficiencies of a class action would
15 be thwarted if routine discovery of absent class members is permitted, particularly
16 on the issue of liability. *In re Carbon Dioxide Antitrust Litig.*, 155 F.R.D. 209, 212
17 (M.D. Fla. 1993).

18 In summary, discovery of unnamed members of a proposed class requires a
19 demonstration of need. The discovery must relate only to class issues. Defendants
20 must show no alternative means of getting the information. This rule is to prevent
21 harassment of the class members and whittling down of the class. Moreover, it is
22 to preserve the efficiencies of a class action. There is no rule that an unnamed class
23 member can be deposed if they have signed a declaration.

24

25 **V.   DEFENDANTS FAILED TO ESTABLISH A FOUNDATION FOR
26        TAKING THE DEPOSITIONS.**

27 In the meet and confer process, Defendants took the position that they were
28 entitled to the discovery as a matter of right. Exhibit 1, p. 11 ["prior court approval

5

1 is not required because these individuals are no longer 'unnamed' class members."]
2 That is not correct.  Defendants should have cooperated with Plaintiffs by
3 establishing the required need by articulating specific facts and issues which
4 required deposition.  Moreover, they should have proposed limits in time and
5 scope of the deposition.  Having failed to articulate a foundation, the Court cannot
6 properly permit these depositions to go forward.

7    Defendants expended little effort in the meet and confer process to show the
8 discovery was related to class issues.  Defendants provided generalities only.
9 Exhibit 1, pp. 9 [" discovery related to common issues of fact and law -- i.e., to the
10 extent they Plaintiffs will argue that the declarations support their contention that
11 common issues of fact or law or exist;"] 11 [information sought is necessary to
12 oppose class certification "including to rebut the claims made by the deponents"],
13 13 [same as page 11], 16 ["due process right to cross-examine" the declarants].
14 The only specificity is that Defendants want to cross examine the declarants.  This
15 is not an appropriate class issue.  An appropriate class issue deals with the
16 requirements of Federal Rule of Civil procedure 23.  For example, on the issue of
17 predominance under Rule 23(b)(3), a class issue would be whether a declarant
18 worked over 40 hours a week.  If Defendants wished to examine on that basis, they
19 would have to show they could not discover the deponent's work time through
20 other sources.  However, Defendants have not been so specific.  "Absent a
21 showing of such **particularized need**, the Court will not permit general discovery
22 from passive class members." *In re Carbon Dioxide Antitrust Litig*., 155 F.R.D.
23 209, 212 (M.D. Fla. 1993) emphasis added.[2]   Defendants' foundation on class
24 issues is inadequate.

---

[2] Citing *Cox v. American Cast Iron Pipe Co*., 784 F.2d 1546, 1555-57 (11th Cir.), cert. denied, 479 U.S. 883, 93 L. Ed. 2d 250, 107 S. Ct. 274 (1986); *In re "Agent Orange" Product Liability Litigation*, 104 F.R.D. 559, 562 n.1 (E.D.N.Y. 1985), and *United States v. Trucking Employers, Inc.,* 72 F.R.D. 101, 104-05 (D.D.C. 1976).

1    Defendants made no foundation that the information sought is not available
2 to them through other sources. Exhibit 1 in passim. Their factual foundation is so
3 vague that one cannot tell if Defendants can discover the information through in
4 their vast operations or other sources.

5    The real motivation appears to be that Defendants want to cross-examine the
6 unnamed class members on their prior declarations. Exhibit 1,pp. 16 and 19 [e-
7 mail from defense counsel: "Our grounds are that we need to cross-examine
8 evidence being used against us."] That is not a class issue. Otherwise, the rule
9 would be if someone provide some type of evidence, they are no longer a unnamed
10 class member. But that is not the case. Therefore, there is no right to take a
11 deposition.

12    A theme throughout Defendants' correspondence is that by signing
13 declarations, the unnamed class members "injected" themselves into the litigation
14 or became "fact witnesses." Exhibit 1, pp. 11, 13 & 16. Defendants' point is that
15 since the unnamed class members signed declarations, they are fair game for
16 discovery. Nothing could be further from the truth. From Defendants' point of
17 view, these unnamed class members were always "fact witnesses." In discovery
18 responses, Defendants identified them as "fact witnesses." Kaufman decl., ¶ 15.
19 Moreover, if the situation was reversed, Defendants would certainly object to
20 Plaintiffs' notices of deposition notwithstanding the fact their "fact witness" status.
21 There is no "fair game" rule.

22    Permitting these depositions will frustrate the policy reasons behind the rule
23 requiring a leave of court for unnamed class member depositions. The rule seeks
24 to prevent harassment of class members in order to get them to opt out of the case.
25 *Clark*, supra, 501 F2d at 340. Defendants want to harass and punish people who
26 declarations with the obvious intent to discourage future cooperation. Defendants
27 subpoenaed only people who signed declarations for Plaintiffs. If Defendants
28 wanted to probe class issues, they would take depositions of unnamed class

7

1  members who did not sign declarations as well.  Defendants disinterest in those
2  class members reveals its true motives.  Therefore, the policy reasons behind the
3  rule justify this detective order.
4       These depositions cannot occur until the Court considers imposing limits.
5  Such limits cannot be discussed until Defendants provide a specific factual
6  foundation for their depositions.
7       Defendants failed to meet their "heavy burden" to show the specific need,
8  the lack of alternate means of getting the information, and the relation to class
9  issues.  They failed to specifically articulate the class issues and the lack of
10 alternative means of discovery.  After considering that the burden is heavy to
11 justify written discovery of unnamed class members, and even heavier to justify
12 depositions, *Clark v. Universal Builders, Inc.,* 501 F.2d at 340-341, Defendants'
13 foundation in the meet and confer process is woefully inadequate to take
14 depositions.  Moreover, the Court should be disturbed by Defendants' willingness
15 to flagrantly violate this rule.  This application should be granted.
16
17 **VI.   RULES 23(d) AND 26( c) AUTHORIZE THE COURT TO ISSUE THIS PROTECTIVE ORDER.**
18
19      Federal Rule of Civil Procedure, rule 26 (c) provides that a Court may for
20 good cause issue an order to protect a party from, among other things annoyance,
21 embarrassment, oppression, or undue burden or expense.  The Court's specific
22 powers include "forbidding the disclosure or discovery."  Rule 26(c)(A).  Rule 23,
23 the rule regulating class actions, further gives the Court the power to regulate the
24 conduct of the parties.  Rule 23(d).
25      The Court should forbid any future depositions of unnamed class members.
26 Defendants have shown an unwillingness to follow the black letter law in this area.
27 Exhibit 1, p.13 [defense counsel: notwithstanding the lack of a court order, "We
28 plan to move forward with these depositions we have previously noticed."]  This

8

will ensure that the parties follow the rules in this case and others.

## VII. PLAINTIFFS AND THE UNNAMED THE CLASS MEMBERS WILL SUFFER IRREPARABLE INJURY IF THIS EX PARTE APPLICATION IS NOT GRANTED.

If Plaintiffs cannot receive ex parte relief, they will suffer on an irreparable injury. If Defendants take these depositions (as they have stated they will), then they will be taken in violation of rule prohibiting depositions of unnamed class members. This rule is designed to prevent harassment of unnamed class members and the use of discovery to whittle down the number of class members. If the depositions go forward, these deponents will suffer the harassment of discovery, exactly what the rule seeks to prevent.

Even if Defendants can ultimately show they are entitled to take the depositions, Plaintiffs and the class members will still suffer an irreparable injury. The rule holds that, if a party can show the need for depositions of unnamed class members, the Court is to consider limits on the discovery, such as scope, time, etc. If the depositions occur, examination will take place without any limits.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' *ex parte* application for the protective order should be granted.

Respectfully submitted,

DATED: November 23, 2009          HARRIS & KAUFMAN

By _____
Matthew A. Kaufman  Attorney
for Plaintiff, Jason Spainhower
and Lead Counsel

9