JOAN B. TUCKER FIFE (SBN: 144572)
  email: jfife@winston.com
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, CA 94111
Telephone:  415-591-1000
Facsimile:   415-591-1400

MARIA C. RODRIGUEZ (SBN: 194201)
  email: mcrodriguez@winston.com
HWANNIE L. SHEN (SBN: 222342)
  email: hshen@winston.com
EMILIE C. WOODHEAD (SBN: 240464)
  email: ewoodhead@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
Telephone:  213-615-1700
Facsimile:   213-615-1750

Attorneys for Defendants
U.S. BANK NATIONAL ASSOCIATION
and U.S. BANCORP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON J. SPAINHOWER, an individual, on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>    vs.<br><br>U.S. BANK National Association, a Delaware Corporation; and DOES 1 through 50 inclusive,<br><br>          Defendants.<br><br>L. MICHAEL WILLIAMS, individually, and on behalf of other members of the general public similarly situated,<br><br>          Plaintiff,<br><br>    v.<br><br>U.S. BANCORP dba U.S. BANK, a Delaware corporation, and DOES 1 through 10, inclusive.<br><br>          Defendant. | **Case No. CV08-00137 FMC (PJWx)**<br><br>Consolidated with Case No. **CV08-08645 FMC (PJWx)**<br><br>**DEFENDANTS' *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Local Rule 7-19, Defendants U.S. Bank National Association and U.S. Bancorp ("U.S. Bank" or "Defendants") hereby apply to this Court *ex parte*, to modify the Scheduling Order. This *ex parte* arises because Plaintiffs have indicated that they plan to use the declaration testimony of putative class members to support their motion for class certification (due January 9, 2010), but refuse to allow U.S. Bank to depose and cross-examine these fact witnesses, either before or after the December 7, 2009 pre-certification discovery cut-off.

Plaintiffs' refusal constitutes good cause for the Court to modify the pre-certification discovery cut-off in the Scheduling Order for the limited purpose of allowing the parties to resolve this critical discovery dispute and to take the depositions of plaintiffs' declarants.

Pursuant to Local Rule 7-19.1, counsel for U.S. Bank notified Plaintiffs' counsel of the date, estimated time, and substance of this *ex parte* in writing on November 22, 2009. U.S. Bank previously notified Plaintiffs' counsel of its intent to bring this *ex parte* and of its substance on November 19, 2009, gave renewed notice on November 23, and has engaged in substantial efforts to meet and confer with opposing counsel in an attempt to reach a compromise prior to bringing this *ex parte*.

Counsel for Plaintiffs are:

William E. Harris, Esq.
Matthew A. Kaufman, Esq.
Arin Norijanian, Esq.
**Harris & Kaufman**
15260 Ventura Blvd., Suite 2250
Sherman Oaks, CA 91403
Telephone:  818.990.1999
Facsimile:   818.990.1966

James Kawahito
David Shraga
**Kawahito & Shraga LLP**
11835 W. Olympic Boulevard, Suite 925
Los Angeles, CA 90064
Telephone:  310.746.5300
Facsimile:   310.593.2520

Dated: November 24, 2009          WINSTON & STRAWN LLP

By: /s/
        Maria C. Rodriguez
        Attorneys for Defendants
        U.S. BANK NATIONAL
        ASSOCIATION and U.S.
        BANCORP

# MEMORANDUM OF POINTS AND AUTHORITIES
## I.   INTRODUCTION

Plaintiffs have refused to recognize U.S. Bank's fundamental due process right to contest evidence Plaintiffs intend to submit in support of their anticipated motion for class certification.  The law is clear that defendants to a class action lawsuit can depose putative class member declarants whose testimony plaintiff submits in support of class certification.  Yet Plaintiffs here have refused to allow U.S. Bank to depose even a sample of these fact witness-putative class members.

On October 22 2009, Plaintiffs served 25 declarations of putative class members, as part of a 1,000 plus page production.  U.S. Bank sought to cross-examine eight of these declarants.  Plaintiffs have refused to produce any of these eight declarants, claiming that U.S. Bank has not shown good cause for these depositions, that an order by the court is required for these depositions to proceed, and that they did not have sufficient advance notice of the depositions.

Given the fact that Plaintiffs served these 25 declarations only three weeks before U.S. Bank served the subpoenas, Plaintiffs did not afford U.S. Bank the opportunity to give Plaintiffs any more notice than it did.  And, U.S. Bank has been willing to schedule the depositions at times convenient to all parties.  U.S. Bank has been trying to resolve this issue by compromise with Plaintiffs, to no avail.

U.S. Bank has attempted to reach a fair compromise.  It has indicated that it will take the depositions of only a sampling of declarants.  Plaintiffs refused this compromise.  U.S. Bank has attempted to reach a fair compromise of the timing of these depositions, by suggesting it take them after Plaintiffs file its motion for class certification, and dropping any depositions of declarants whose declarations are not used by Plaintiffs.  Plaintiffs refused this compromise.  U.S. Bank has suggested, in the interest of reciprocity, that Plaintiffs may also take the depositions of U.S. Bank's putative class member declarants.  Plaintiffs have refused this or any other type of compromise.

1  U.S. Bank therefore petitions this Court *ex parte* for an Order modifying the
2  Scheduling Order to allow both parties to take a limited number of depositions of
3  putative class member declarants, after the precertification discovery cut-off, and/or
4  after those declarations are filed with the Court.

## II.   FACTUAL BACKGROUND

On March 30, 2009, this Court modified the Scheduling Order in this case, setting both the briefing schedule for class certification and the pre-certification discovery cut-off, as follows:

| | |
|---|---|
| Class Action Discovery Cut-Off | Dec. 7, 2009 |
| Deadline to File Motion for Class Certification | Jan. 9, 2010 |
| Deadline to File Opposition | Feb. 8, 2010 |
| Deadline to File Reply | Mar. 3, 2010 |
| Hearing on Motion | Mar. 15, 2010 |

(Docket 50.)

On October 22, 2009, Plaintiffs' counsel produced over 1,000 pages of documents to U.S. Bank. (Declaration of Maria C. Rodriguez ("Rodriguez Decl.") ¶ 2.) Among those were 25 executed declarations of fact witnesses purporting to have evidence relating to their employment with U.S. Bank (the "Declarants"). (Rodriguez Decl. ¶ 2.)

After reviewing the declarations, U.S. Bank sent subpoenas for service to 8 of the 25 Declarants on Friday, November 13, 2009 – three and a half weeks before the pre-certification discovery cut-off. (Rodriguez Decl. ¶ 4.) U.S. Bank has the right to depose all of the witnesses whose testimony will be used against it, but in an effort to compromise and create efficiency, it notified Plaintiffs' counsel of its intent to depose a sample group of the Declarants the following business day on Monday, November 16. (Rodriguez Decl. ¶ 5, Ex. A.) On November 17, Plaintiffs' counsel responded, claiming that the subpoenas were invalid and refusing to stipulate to any of the depositions. (Rodriguez Decl. ¶ 6, 7, Ex. B, C.)

In response, U.S. Bank has sent made several attempts to resolve the issue informally, including providing Plaintiffs' counsel with authority supporting the its position.[1] (Rodriguez Decl. ¶¶ 9, 11, 12, 14, 16, 18, 21, 22, 24, 25, 28, Exs. D, F, G, I, K, M, P, Q, S, T, U.)  U.S. Bank has now explained its position to Plaintiff in various ways, and has offered various compromises including:

- requesting the depositions of only a sampling of Declarants;
- rescheduling the depositions for a mutually convenient time (assuming Plaintiffs' counsel represents the Declarants for the purpose of deposition and will accept service);
- compromising on the timing of these depositions, by suggesting U.S. Bank would agree to take them after Plaintiffs file its motion for class certification, and only take those Declarants who Plaintiffs rely upon in their motion;
- suggesting that U.S. Bank would, in turn, would not oppose Plaintiffs' efforts to depose U.S. Bank's declarants; and
- requesting that the scheduling order be amended to allow both parties to take declarant depositions after class certification briefs are filed.

(Rodriguez Decl. ¶¶ 9, 11, 12, 14, 16, 18, 21, 22, 24, 25, 28, Exs. D, F, G, I, K, M, P, Q, S, T, U.)

Plaintiffs have refused each of these compromises.  Indeed, Plaintiffs mainly claim that they will not agree to the depositions informally because a court order is required.  (Rodriguez Decl. ¶¶ 7, 10, 13, 15, 23, Exs. C, E, H, J, R.)  Yet when U.S. Bank offered a stipulation, Plaintiffs would not agree, claiming that U.S. Bank had not made a showing of need.  (Rodriguez Decl. ¶¶ 10, 15, 23, Exs. E, J, R.)  When U.S.

---

[1] Plaintiffs have refused to recognize the authority that U.S. Bank has cited on the grounds that they are not published in any federal reporter.  Plaintiffs incorrectly rely on 9th Circuit Rule 36-3, which *only applies to decisions originating out of the Ninth Circuit*.  This rule does not apply to unpublished decisions from district courts, which are considered persuasive authority (though not binding).  *In re Van Wagoner Funds, Inc. Securities Litigation*, 382 F.Supp.2d 1173, 1182 n.5 (N.D. Cal. 2004).

DEFENDANTS' *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER     CV08-00137 FMC (PJWx)

1  Bank explains its need, Plaintiff either ignores the argument or rejects it out of hand.
2  (Rodriguez Decl. ¶ 10, 15, 17, 23, 26, Exs. E, J, L, R.)
3        In sum, Plaintiffs have made various and ever-shifting arguments during the
4  meet and confer process, which – taken as a whole – amount to a categorical refusal to
5  allow U.S. Bank to cross-examine any witnesses Plaintiffs have identified.  This meet
6  and confer process has resulted in unnecessary delay.
7        U.S. Bank has concurrently filed an *ex parte* application for leave to take the
8  depositions of the Declarants.

### III.  ARGUMENT

10  U.S. Bank has a due process right to cross-examine Declarants submitting
11  evidence against it and to develop their testimony relating to the issue of class
12  certification.  *United States v. City of Hialeah*, 140 F.3d 968, 976 (11th Cir. 1998) (if
13  an issue in a lawsuit is determinative of rights or claims, due process mandates that
14  "each party . . . be afforded a full and fair opportunity to present evidence relevant to
15  that issue and to contest evidence proffered by any other party"); *see also Fisher v.
16  Ciba Specialty Chem. Corp.*, 238 F.R.D. 273, 306 n. 73 (S.D. Ala. 2006) (finding that
17  "injustice and unfairness would ensue" if defendant could not cross-examine class
18  members).  Plaintiffs' actions to hinder U.S. Bank's attempts to exercise its rights and
19  the attendant delay it has caused have resulted in the potential that U.S. Bank may not
20  be able to depose any of the Declarants prior to the current pre-certification discovery
21  cut-off on December 7.
22        Here, good cause exists to modify the Scheduling Order to allow each party to
23  cross-examine the declaration testimony that the other party submits in support of
24  their briefs relating to class certification in this matter.

**A.  U.S. Bank Has a Due Process Right to Take the Depositions of the Declarants Because They Are Fact Witnesses.**

27  Courts routinely allow defendants to depose putative class members who have
28  "injected themselves" into the litigation by offering declarations in support of the

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

litigation. *Moreno v. Autozone, Inc., No.*, C-05-4432, 2007 WL 2288165, at *1 (N.D. Cal. Aug. 3, 2007) (granting the defendant's request to class members who submitted declarations in support of plaintiff's motion for class certification); *Luna v. Del Monte Fresh Produce (SE), Inc.*, No. 1:06CV2000, 2007 WL 1500269, at *6-7 (N.D. Ga. May 18, 2007) (granting the defendants' request to depose two individuals who opted in to the class action under section 216(b) of the Fair Labor Standards Act and chose "to take an active role in the litigation" when they filed declarations in support of plaintiffs' motion for class certification); *Disability Rights Council of Greater Washington v. Washington Metropolitan Area Transit Authority*, Civ. A. No. 04-498 (HHK/JMF), 2006 WL 2588710, *1-5 (D.D.C. Sept. 7, 2006) (allowing depositions of 20 class members who offered declarations in support of discovery motion); *Redmond v. Moody's Investor Serv.*, 92 Civ. 9161, 1995 WL 276150, at *2 (S.D.N.Y. May 10, 1995) (allowing depositions of ten class members who submitted affidavits in support of a motion for class certification in an employment discrimination case).

By submitting declarations in support of Plaintiffs' Motion for Class Certification, the Declarants will put their individual factual testimony and circumstances surrounding their employment at U.S. Bank directly at issue in this case. Thus, the typical rationale for disallowing defendants to take depositions of putative class members—that class actions under Federal Rule of Civil Procedure 23 do not require any affirmative actions by putative class members—does not apply here. *See Cornn v. United Parcel Service, Inc.*, No. C03-2001 TEH, 2006 WL 2642540, *3 (N.D. Cal. Sept. 14, 2006) (noting that there is a difference between a class action brought under Federal Rule of Civil Procedure 23 and a class action brought under 29 U.S.C. Section 216(b) because, "[b]y affirmatively electing to opt-in, class members under [Section 216(b)] have agreed to participate in the litigation to an extent that class members under Rule 23 have not").

In other words, the Declarants are no longer "absent" or "unnamed" class members because they have been affirmatively identified as fact witnesses.

1  Importantly, Declarants are now potential witnesses in this case, and U.S. Bank is
2  entitled to cross-examine them.  *See Cornn*, 2006 WL 2642540 at *4 n.3 (stating that
3  the court's "ruling does not preclude UPS from asserting that it is entitled to depose
4  absent class members recently identified by plaintiffs as potential witnesses").
5  Plaintiffs' insistence that the Declarants are still "unnamed class members" is wrong,
6  becuase Plaintiffs themselves have identified the Declarants *by name* as individuals
7  who have sworn testimony under the penalty of perjury intended to support Plaintiffs'
8  efforts at class certification.

9      Plaintiffs' attempt to prevent U.S. Bank from contesting evidence they intend to
10  use to support their efforts at class certification violates U.S. Bank's right to due
11  process.  U.S. Bank must be afforded a fair opportunity to defend itself against
12  plaintiff's claims as a "fundamental requirement of due process...which must be
13  granted at a meaningful time and in a meaningful manner."  *See Armstrong v. Manzo*,
14  380 U.S. 545, 552 (1965).  Due process mandates that "each party . . . be afforded a
15  full and fair opportunity to present evidence relevant to that issue and to contest
16  evidence proffered by any other party."  *City of Hialeah*, 140 F.3d at 976.

17      Indeed, as another district court has observed, in would be manifestly unjust
18  and unfair to deprive a defendant from the right to cross-examine class members.
19  *Fisher*, 238 F.R.D. at 206 n.73.  "Absent such procedural safeguards" of allowing
20  class member cross-examination, defendants "could never develop evidence" about its
21  case.  *Id.*  The only manner to guarantee U.S. Bank can contest evidence that Plaintiffs
22  intend to submit in support of their motion for class certification is to allow it to cross-
23  examine the Declarants' testimony before U.S. Bank prepares its brief opposing class
24  certification.

25  **B.**     **<u>U.S. Bank Is Entitled to Take Depositions of the Declarants Even if They</u>**
26      **<u>are Considered "Unnamed" Class Members.</u>**

27      The Federal Rules of Civil Procedure do not explicitly prohibit or sanction
28  discovery of unnamed class members.  *See Krueger v. New York Tel. Co.*, 163 F.R.D.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

446, 450 (S.D.N.Y. 1995) (stating that there is authority for the use of both interrogatories and depositions against members of classes in actions brought under the Federal Rule of Civil Procedure 23). In fact, discovery of absent class members is permissible when the desired information is relevant to an issue in the case. *See Long v. Trans World Airlines, Inc.*, 761 F. Supp. 1320, 1326 n.5 (N.D. Ill. 1991) (stating that "absent class members are not immune from discovery simply by virtue of being unnamed plaintiffs"); *see also Transamerican Refining Corp. v. Dravo Corp.*, 139 F.R.D. 619, 621 (S.D. Tex. 1991).

Courts have considered the following factors in determining whether depositions of putative class members are appropriate: (1) the discovery is necessary at trial of issues common to the class; (2) the discovery is not sought to take undue advantage of class members; (3) responding to the discovery requests would not require the assistance of counsel; and (4) the discovery seeks information not already known by the proponent. *Cornn*, 2006 WL 2642540 at *2; *see also Baldwin & Flynn v. Nat'l Safety Assoc.*, 149 F.R.D. 598, 600 (N.D. Cal. 1993). Each of these factors weigh in favor of allowing the depositions of the Declarants.

### 1. The Depositions Are Necessary To Oppose Plaintiffs' Anticipated Motion For Class Certification.

In its opposition to Plaintiffs' anticipated motion for class certification, U.S. Bank intends to rebut the Declarants' claims that they spent the majority of their time performing "non-exempt" tasks and their other factual claims. In so doing, U.S. Bank intends to show that the Declarants' claims, and the claims of other putative class members, do not involve common questions of law and fact. U.S. Bank also intends to show that Plaintiffs' claims are not typical of the claims of the Declarants and other putative class members. Accordingly, to rebut the Declarants' claims, U.S. Bank needs to take their depositions and cross-examine them. Indeed, evidence relating to issues common to the class are critical to determine whether this action should be certified as a class action.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Similarly, legal issues as to the nature of the declarations, the form in which they were obtained, their veracity, and the like are at issue in a certification motion and may be subject to class action precedent. Thus, if U.S. Bank is precluded from cross-examining this evidence being used against it, it may be foreclosed from asserting numerous legal defenses.

### 2. The Depositions Are Not Sought To Take Advantage Of Class Members.

U.S. Bank does not seek to take the Declarants' depositions to take advantage of them. Declarants have put themselves at issue as more than just putative class members by submitting sworn declaration testimony directly affecting the parties' arguments at class certification. There is no evidence that U.S. Bank is attempting to harass any putative class members. *See Krueger*, 163 F.R.D. at 451 (noting that "Plaintiffs' counsel is quite capable of assuring there is no harassment or of seeking appropriate protection from the Court if necessary").

### 3. Assistance Of Counsel Is Not Necessary.

Assistance of counsel is not necessary because U.S. Bank is simply seeking to take the Declarants' depositions. In any event, in *Cornn*, the court noted that this factor is "unnecessarily restrictive" and did not even consider this factor in its analysis regarding whether discovery of putative class members was warranted. *Cornn*, 2006 WL 2642540 at *2.

### 4. The Depositions Do Not Seek Information Already Known To U.S. Bank.

U.S. Bank does not seek to depose the Declarants to obtain any information that is already known to U.S. Bank, but instead to learn information that cannot be obtained by any other method. Because Declarants have submitted declarations, U.S. Bank seeks to take their depositions to cross-examine and learn more facts and details about statements in their declarations. The only manner to obtain this information is through discovery of the Declarants themselves.

## C. Good Cause Exists for Modifying the Scheduling Order.

Fed. R. Civ. Proc. 16 provides that a scheduling order may be modified for good cause, and with the judge's consent. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, Plaintiffs identified fact witnesses that they intend to use to support their efforts at class certification. U.S. Bank took a reasonable amount of time to review the over 1,000 pages of documents that Plaintiffs produced and to make determinations as to those Declarants it wished to depose. Moreover, U.S. Bank initiated the attempts at service well in advance of the pre-certification discovery cut-off.

Despite U.S. Bank's diligent attempts at scheduling depositions of the Declarants, Plaintiffs have refused U.S. Bank's attempts to cross-examine the Declarants during the timeframe set forth in the Scheduling Order, insisting that U.S. Bank seek leave of the Court before deposing the Declarants and refusing to stipulate to critical pre-certification discovery. The delays caused by the meet and confer attempts and the unnecessary briefing Plaintiffs have forced upon U.S. Bank and this Court constitute good cause for modifying the Court's Scheduling Order.

US Bank proposes the following modified order, which it has included in the concurrently filed Proposed Order:

| Event: | Current Order Date: | Modification: |
| --- | --- | --- |
| Class Action Discovery Cut-Off | Dec. 7, 2009 | None, except to allow declarant depositions[2] |
| Deadline to File Motion | Jan. 9, 2010 | None |

---

[2] Alternatively, U.S. Bank contends that it has the right to depose the Declarants after the class action discovery cut-off, as their depositions constitute *both* precertification and merits discovery.

| | | |
|---|---|---|
| for Class Certification | | |
| Deadline to File Opposition | Feb. 8, 2010 | None |
| Deadline to File Reply | Mar. 3, 2010 | None |
| Hearing on Motion | Mar. 15, 2010 | None |

## IV.  CONCLUSION

For the foregoing reasons, U.S. Bank requests that the Court modify the Scheduling Order, as requested herein, allowing it to take the depositions of any witnesses whose declarations are filed in support of Plaintiffs' Motion for Class Certification, as long as the total number of depositions taken by each party does not exceed 10.

Dated:  November 24, 2009          WINSTON & STRAWN LLP


                                   By:  /s/
                                        Maria C. Rodriguez
                                        Attorneys for Defendants
                                        U.S. BANK NATIONAL
                                        ASSOCIATION and U.S.
                                        BANCORP

LA:260250.2

LA:260263.1